HICKS v. BROWN.

1. LIMITATIONS: *Ten years as to Justice of the Peace judgments.*
   A plea of the Statute of Limitations of five years is no bar or defense
   to an action upon a judgment of a justice of the peace. The Statute
   limiting the time to five years within which an execution may be
   issued on a justice's judgment is no limitation to an *action* upon the
   judgment.

APPEAL from *Sebastian* Circuit Court, Greenwood
District.

Hon. JOHN H. ROGERS, Circuit Judge.

STATEMENT.

On the twenty-third day of August, 1880, Hicks sued
Brown in the Circuit Court at Greenwood, in Sebastian
county, upon a judgment he had recovered against him
before a justice of the peace of the county, on the twenty-
fourth day of August, 1870, for $200.

Brown answered "that said supposed cause of action in
said complaint, declared upon, did not accrue within five years
next before the institution of this action." A demurrer to
the answer was overruled, and, upon the trial, the court
found for the defendant upon the answer, and rendered
judgment against the plaintiff for cost, and, after motion
for new trial overruled, he appealed.

*Duval & Cravens,* for appellant:

*Sec.* 3791 *Gantt's Digest* only provides *that no execution
shall issue after five years.*

The answer setting up five years as a bar was no defense.

*Freeman on Judgments*, 432 ; *Stuart* v. *Lander*, 16 *Cal.*, 372 ; *Sec.* 4128, *Gantt's Dig.* ; *Osgoodby's Attorney & Banker's Directory for* 1881–82, *page* 25.

HARRISON, J.    The Statute makes no distinction as to the limitation of actions between judgments of the Circuit Courts and justice's of the peace.    Its language is :

"Actions on *all* judgments and decrees shall be commenced within ten years after the cause of action shall accrue, and not afterwards."    *Sec.* 4128, *Gantt's Digest.*

There is no necessary relation between this section and section 3791, limiting the time in which executions may be issued on judgments of justices of the peace, and it is not required to be construed in *pari materia* with it.    A payment or part satisfaction would not extend the time in which the execution might be issued, but though made after the expiration of it, would remove the bar of the Statute of Limitations.

The plea of the Statute of Limitations of five years was, therefore, no bar or defense to the action, and the plaintiff, notwithstanding the answer and the finding of the court, was entitled to judgment.

The judgment is reversed and the cause remanded, with the instruction to render judgment for the plaintiff.