Giles v. Hicks. .

and the nature of his title, or whether he has any, does not concern Cunningham.

Affirmed.

## GILES v. HICKS.

1. ATTACHMENT: *Service of summons on defendant.*

    In an attachment against a debtor, who temporarily leaves the state with intent to defraud his creditors, service of summons by leaving a copy at his residence with a member of his family of the proper age, is sufficient, and a warning order is unnecessary.

2. SAME: *Judgment of justice of the peace: Presumption.*

    When in an action by attachment before a justice of the peace, the justice renders judgment for the debt, and the defendant, who is duly served with summons, files no affidavit denying the grounds for the attachment, it will be presumed in a proceeding by a garnishee to quash the judgment against him for want of a formal order sustaining the attachment, that the justice sustained the attachment, as, under the statute, he could not do otherwise.

3. GARNISHMENTS: *Judicial.*

    Wherther the statute of judicial garnishments is still in force, Quere?

4. ATTACHMENTS: *Judgment against garnishee by default.*

    A judgment by default against a garnishee in an attachment suit, on failure to answer the allegations and interrogatories filed against him, and without proof, or examination of him, is unathorized by the statute and void. [For the proper practice against garnishees see the opinion.—REP.]

APPEAL from *Hempstead* Circuit Court.

Hon. J. K. YOUNG, Circuit Judge.

*Dan W. Jones* for Appellant.

The amount was within the jurisdiction of the justice, and he had jurisdiction of the person of the garnishee, because he was served according to law. *Sec. 343, Mansf. Dig.*

It was argued in the court below that judgment of the justice, failing to show affirmatively that testimony was taken before rendering it, was void upon its face and quashable on *certiorari*. Such an argument is erroneous. *35 Ark., 95; 17 Ark., 580; Ib., 440.*

*Smoote, McRae & Hinton* for Appellee.

1. There was no constructive notice to the defendant in the attachment; and, the pretended actual notice was not good against a non-resident. All the judgments, both against the defendant in attachment and the garnishee, were by *default. Mansfield's Dig., Sec. 309, and from 4987 to 4993, and also 5200 and 5201.* If the notice was good, there was no judgment sustaining the attachment. Where there is no constructive notice, the judgment (in cases of default like this) must be upon good actual notice to the defendant in the attachment, and, (even after such judgment upon good notice) the attachment must be sustained, before there can be a judgment *in personam* against the garnishee for the plaintiff in attachment. *Mansfield's Dig., Secs. 309, 317, 347, and from 377 to 380, and from 340 to 343.*

2. After the writ of garnishment was issued and served, there was no sworn complaint and summons against the garnishee. Until that is done the garnishment is entirely a proceeding *in rem*; and no judgment *in personam* can be rendered against the garnishee in favor of the plaintiff in the attachment. *Mansfield Dig., Sec. 317 and note h; also, Secs. 340 to 344; Lewis v. Faul, 29 Ark., 470; Newman's Pleading and Practice, 579.*

3. The debt covered by the judgment of August 16, 1881, was not due at the time the attachment was taken, and the affidavit fails to show when it would be due. So the attachment proceedings, including the garnishment, as to that, are

without jurisdiction on that ground. *Mansfield's Dig., Sec. 362.*

SMITH, J.   Giles, in the year 1881, sued one Christian, before a justice of the peace, upon an open account for $10 and three notes for $59.18 each.   He also swore out an attachment upon the grounds that Christian had left the state with intent to defraud his creditors, and was about to dispose of his property with like intent.   The attachment was laid upon a lot of goods, subject to six prior attachments ; and process was served by leaving a copy of the summons "at the usual place of abode of the defendant, with Mrs. Christian, a member of his family over the age of fifteen years."

The plaintiff also caused to be issued and served, a writ of garnishment, requiring the Hope Exchange Bank to answer what credits or effects it had belonging to Christian, and also such further interrogatories as might be exhibited.

Christian not having appeared at the return day, the justice rendered judgment against him for the aggregate of the several debts and costs, and ordered that if anything remained from the sale of the goods after satisfying the previous attachments it be applied to Giles' judgment.

The plaintiff then filed allegations and interrogatories against the bank, alleging that it was indebted to Christian in the sum of $200, and requiring it to answer touching said indebtedness, and the cause was continued for three days to allow the garnishee to answer.   But the bank took no notice of the proceeding, and judgment by default was rendered against it for the amount of plaintiff's demand against Christian.

Afterwards, upon the petition of Hicks, who was doing business under the style of the Hope Exchange Bank, to which petition Giles and the justice were made defendants, the circuit court quashed this judgment upon *certiorari.*

17——45

Giles v. Hicks.

1. ATTACH-
MENT: Service
of summons on
defendant.

It is urged in support of this judgment of quashal, that Giles was not entitled to judgment against Christian, because there was no service of process, either actual or constructive; that he had elected to proceed against Christian as a non-resident and was bound to publish a warning order against him. But this view is not tenable. Of course there must be a judgment against the defendant in the principal action before a valid judgment can be entered against the garnishee. But there was nothing from which it could be inferred that Christian had permanently changed his residence. The affidavit for attachment only disclosed that he was temporarily absent from his home for a particular purpose. He was not liable to be treated as a non-resident, nor was he actually proceeded against as such. *Du Val v. Johnson, 39 Ark., 182,* is an instance where the service of a summons upon a defendant, by leaving a copy at his residence, with a member of his family over the proper age, was held good, notwithstanding he had been absent in another state for years.

2. SAME:—
Judgment of J.
P.: Presump-
tion.

It was further contended that the garnishment must fail because there was no formal judgment sustaining the attachment. *Sec. 377 of Mansfield's Digest* requires that an attachment obtained at the commencement of an action shall be sustained or discharged at the time judgment is rendered in the action, unless for sufficient cause the court extends the time of deciding upon it. And it is customary in practice for the record to state distinctly whether or not the attachment is sustained. But no great formality can be expected of justices of the peace without overturning the most of their proceedings. As the plaintiff had judgment for his debt, and no affidavit was filed denying the grounds of the attachment, it will be presumed that the justice sustained the attachment, because he could not have done otherwise. *Mansf. Dig., Sec. 379.* And this presumption is strengthened by the record, which recites that he condemned the property attached to sale, the proceeds to be applied as the law directs.

Giles v. Hicks.

But a more difficult question is, as to the power of the justice to render a judgment directly in favor of the plaintiff against the garnishee. Such was formerly the practice in this state. And it was authorized by statute and sanctioned by the decisions of this court. Where the garnishee failed to answer no proof was necessary to charge him. His default admitted his liability to the extent of the plaintiff's demand, and judgment went directly against him. *Gould's Dig., Ch. 16, Sec. 25; Ch. 17, Sec. 28; Wilson v. Phillips, 5 Ark., 183.*

And such is still the practice in garnishments sued out after judgment, (*Mansf. Dig., Sec. 3418,*) unless indeed, the statute of judicial garnishment has been abrogated; as might be plausibly maintained from the language of *Sec. 317 of Mansfield's Digest,* which seems to be equally applicable to both species of garnishments; as well as from the fact that in proceedings by discovery to enforce execution (*Mansf. Dig., Secs. 3084–88,*) another and not less efficient remedy to accomplish the same end is provided; and from the general consideration, that wherever the Code establishes a rule of practice in the courts, it is meant to be exclusive, not merely cumulative. *Mansf. Dig., Secs. 4910, 5317, 6363.*

But be this as it may—a point upon which we now express no opinion—it is certain the Code has revolutionized the practice in the matter of charging a garnishee in attachment. This was pointed out in *Lewis v. Faul, 29 Ark., 470.,* where a judgment by default against a garnishee, without proof, or an examination of him, was reversed. We are now asked to go a step further and declare such a judgment to be, not simply an error, but a nullity.

When a person who is summoned as a garnishee, pending an attachment, fails to appear in person, or answer under oath, his personal attendance for examination may be coerced by rule and attachment, or the court may hear proof of any debt

3. Judicial garnishments.

4. ATTACHMENTS: No default judgment against garnishee.

Giles v. Hicks.

owing by him to, or property held for, the defendant. When it has become satisfied, either from his own disclosures, or from extraneous proof, that the garnishee was, at or after the service of the writ, possessed of any property belonging to the defendant, or was indebted to him, it may order the payment of the money, or delivery of the property, into court, or into the hands of a receiver appointed for that purpose; or it may permit the garnishee to keep the money or the property upon his giving security that the money shall be paid or the property shall be forthcoming. It may make any of these orders, at its discretion and as the circumstances of the case may render most appropriate. If the indebtedness of the garnishee is due and the plaintiff has recovered judgment against the defendant, the proper order will be to require the garnishee to pay the fund into court, and, when paid, the proceeds will be applied to the satisfaction of such judgment. If it is property that the garnishee holds, it may be most convenient to order it to be turned over to a disinterested person with a view to its speedy conversion into cash. If no judgment has been rendered, or if the indebtedness has not yet matured, the garnishee should be allowed to retain it upon the terms prescribed by law. *Mansf. Dig., Secs. 341–3.*

But whether the garnishee answers and discloses, or makes default and proof is taken, no final judgment, enforcible by execution, can be rendered in favor of the plaintiff against the garnishee in that action; because no such authority is expressly conferred, or fairly deducible from existing statutes. And garnishment is a purely statutory proceeding, which cannot be pushed beyond the authority of the statute. The object is to facilitate the execution of any judgment the plaintiff may recover, by seizing and holding the property and credits of the defendant that are in the hands of third persons. The office of the writ is that of monition or warning to the defendant's debtor or bailee not to pay the money or deliver the property

to him, but to hold it subject to the orders of the court. The garnishee is not a party to the action; there is no prayer for relief against him; and there is nothing in the writ, or in the proceeding, or in the law, to apprise him that the plaintiff may, in any contingency, take judgment against him.

But the plaintiff is not without remedy. By the service of the writ, the effects in the garnishee's possession are in the custody of the law. If the plaintiff prevails in his attachment, he may hold the garnishee personally responsible for those effects, or their value, not to exceed the plaintiff's judgment. But how is this liability to be enforced?

If the garnishee answers, and his disclosures are satisfactory to the plaintiff, and he performs the mandate of the court by surrendering the effects or paying his indebtedness, there is, of course, no difficulty. But if he is contumacious ánd refuses to disclose, or if he answers, but the plaintiff is not satisfied that he has told the truth fully, or if he has answered truly, but is unable or unwilling to perform the directions of the court, then the remeey is indicated in *Sec. 344 of Mansfield's Digest,* viz.: By action against the garnishee, to be begun like any other action, by filing a complaint and suing out a summons. This is the only mode, known to the law, by which a personal judgment can be rendered against a garnishee in attachment. And such is the settled construction of identical provisions in the Kentucky code. *Smith v. Gown, 3 Metc., 171; Griswold v. Popham, 1 Duv., 170; Wilcher v. Shea, 13 Bush., 128.*

It is still open to the appellant to sue the bank in the mode indicated. But his judgment was unauthorized and void, and the judgment of the circuit court quashing it must be affirmed.