## KOONTZ v. LADOW.

### Opinion delivered April 8, 1918.

1. JUDGMENTS—ACTION TO COLLECT—LIMITATIONS.—Process may be issued at any time within the period of limitation on an action to enforce a judgment, and such period of limitation is ten years from the time that the cause of action accrues. The cause of action accrues upon the rendition of the judgment, but the issuance of process or payment on a judgment will toll the statute and form a new period from which it will run.

2. JUDGMENTS—ACTION TO COLLECT—LIMITATIONS.—Process may be issued at any time before the enforcement of a judgment is barred, and a break in the running of the statute of limitations will constitute the commencement of a new period, not only for an action to enforce the judgment, but for the issuance of process.

Appeal from Johnson Circuit Court; *A. B. Priddy,* Judge; affirmed.

*Covington & Grant,* for appellant.

1.   The judgment was barred.   Kirby's Digest, §
5073; 23 Ark. 169; 19 *Id.* 303; 38 *Id.* 470.

2.   The credit of $2,000 did not extend the time.   38
Ark. 470.   The payment was not made by appellant.   60
Ark. 497; 20 *Id.* 189; 65 *Id.* 1; 118 *Id.* 118; 25 Cyc. 1381;
70 Am. St. 315; 70 N. W. 867; 88 N. W. 479; 13 Wall, 256;
38 S. W. 505; 25 Cyc. 1433; 124 Ark. 47.

2.   After ten years no execution could issue.   Kirby's
Dig., § 4442; Act April 8, 1891.

3.   There was a compromise and settlement in full.
The judgment had been fully settled.   The evidence shows
this.

*G. O. Patterson, Hugh Basham* and *W. E. Atkinson,*
for appellee.

1.   The judgment is not barred. The court so found.
74 Ark. 480.

2.   The payment tolls the statute.   36 Ark. 545.   See
also Kirby's Digest, § § 3215, 4634; 52 Ark. 176; 51 *Id.*
294; 36 *Id.* 545; 60 S. W. 959; 23 Cyc. 1437 (c).

3.   No compromise nor settlement was proven.   The
$2,000 was paid by appellant's request and with his
knowledge and consent.   It started a new period.

McCULLOCH, C. J.   Appellee obtained judgment
against appellant in the circuit court of Johnson County,
on December 12, 1905, for recovery of the sum of $5,000.
Two executions were issued which produced no results;
one dated December 28, 1905, and one dated December 3,
1907, but there was a credit of $2,000 indorsed on the judgment record on July 6, 1908, reciting that the judgment
was credited in that sum on account of the conveyance of
certain coal rights, which conveyance was executed by
Z. J. Koontz, who is appellant's mother.   Process was issued for the enforcement of the balance alleged to be due
on the judgment on May 3, 1917.   On that day an execution
was issued and also writs of garnishment. Appellant filed
a motion to quash the writs on the ground that the judgment had been paid, and also on the further ground that
enforcement had been barred by the statute of limitations.

There was a trial before the court on the issues of fact arising on the motion, and the court found in favor of appellee and rendered judgment refusing to quash the writ of execution and the writs of garnishment, the respective garnishees having answered, showing indebtedness to appellee which the court held was subject to the writs.

According to the undisputed evidence adduced before the court, Mrs. Z. J. Koontz, appellant's mother, conveyed to appellee, or rather to a trustee for him, the coal rights under a certain tract of land. This was the result of a compromise, appellant having previously conveyed the lands to his mother shortly before the rendition of the judgment, and appellee had commenced suit against appellant and his mother to cancel the conveyance and subject the lands to the satisfaction of the judgment. There is a sharp conflict in the testimony as to the substance of the compromise agreement, whether the conveyance of the coal rights was to be accepted by appellee in complete satisfaction of the judgment or whether an agreed price was to be credited on the judgment. The testimony adduced by appellant was to the effect that appellee, acting through her attorneys, agreed to accept the conveyance of the coal rights and certain articles of personal property which had been seized under execution in full satisfaction of the judgment, and that a receipt was given which had been lost and could not be produced at the trial. On the other hand, appellee adduced testimony to the effect that the agreement merely related to a compromise of the action against appellant and his mother to cancel the conveyance and that the agreement was that a credit of $2,000 should be placed on the judgment, which was done. This issue having been submitted to the trial court and decided in appellee's favor upon conflicting testimony, we must, under well-established rules, treat the issue as finally settled.

(1)   Our statute fixing the time within which an execution may be issued for the enforcement of a judgment

provides that it may be issued on a judgment "at any time until the collection of it is barred by the statute of limitations, although no execution may have been previously issued within a year and a day." Kirby's Digest, sec. 3215. The statute of limitations applicable to actions on judgments and decrees provides that such actions must be commenced within ten years "after the cause of action shall accrue, and not afterwards." Kirby's Digest, sec. 5073. It is thus seen that process may be issued at any time within the period of limitation on an action to enforce the judgment and that such period of limitation is ten years from the time that the cause of action accrues. Of course, the cause of action accrues upon the rendition of the judgment, but this court has held that the issuance of process or payment on a judgment will toll the statute and form a new period from which it will run. In *Lindsay, Guardian, v. Norrill,* 36 Ark. 545, the court said: "Besides, there were intermediate executions and payments on the judgments, forming new points for running of the time allowed by statute."

(2)   The statute limits the time for issuing executions on judgments of justices of the peace to five years from date of rendition, and this court held in *Hicks* v. *Brown,* 38 Ark. 469, that a payment in part satisfaction would not extend the time in which execution might be issued, but would remove the bar of the statute of limitations for the purpose of maintaining an action within the period of limitation prescribed by statute. There is a difference in the statutes regulating judgments rendered by justices of the peace and judgments and decrees rendered by circuit and chancery courts, and under the statute regulating the latter, process may be issued at any time before the enforcement of the judgment is barred, and a break in the running of the statute would constitute the commencement of a new period, not only for an action to enforce the judgment, but for the issuance of process.

It is also contended that the payment made by appellant's mother was not shown to have been made with his consent so as to manifest an acknowledgment on his part of the continued existence of the judgment, and for that reason it did not break the running of the statute. There was, however, enough testimony to justify the court in finding that the payment was made with appellant's consent. He lived with his mother and was, according to the testimony, present during the negotiations which led up to the execution of the deed conveying the coal rights, which constituted the basis for the credit on the judgment.

We can not say that the court's finding that the payment was made with his consent was not supported by legally sufficient evidence. The judgment is, therefore, affirmed.