WINDOW ROCK DISTRICT COURT

April 12, 1983

No. WR-C-661-76

JOANN BECENTI, Plaintiff, v.

JOHNNY and SHIRLEY LAUGHLIN, Defendants.

and NAVAJO FOREST PRODUCTS INDUSTRIES.

Honorable Tom Tso, Judge presiding.

This is a case which involves the construction of a statute, and it appears that a number of interpretations can be made. In this case the plaintiff recovered a money judgment against the defendants in March of 1977. The plaintiff diligently tries to enforce her judgment, and in November of 1982 she made her application to this court for a writ of garnishment to reach the wages of one of the defendants, payable by the Navajo Forest Products Industries (Garnishee). The defendants have moved to quash an issued writ, citing a five-year limitation on executions in 7 NTC, Sec. 705. That statute provides:

> "The party in whose favor a money judgment is given by the Courts of the Navajo Tribe may at any time within five years after entry thereof have a writ of execution issued for its enforcement. No execution, however, shall issue after the death of the judgment debtor. A judgment creditor may have as many writs of execution as are necessary to effect collection of the entire amount of the judgment."

What does this statute mean? There appear to be several readings of it:

1. There is an absolute bar to any execution after five years have passed;

2. As long as the judgment creditor obtains a writ of execution within five years the judgment can be enforced;

3. After five years, writs of execution cannot be used to collect, but other means can;

4. There can be waiver of the five year limit by the defendants' actions.

There is an obvious problem in interpreting the intent of the Navajo Tribal Council with respect to the five year limit, and since the reading of the entire resolution which created the statute does not resolved the problem, the court must use other reasonable means of interpretation.

In beginning an analysis of the statute, the court accepts the contention of the defendants that a writ of garnishment is the same sort of remedy as a writ of execution. Reisenfeld, <u>Creditors' Remedies &</u>

Debtors' Protection, pp. 2-7 (1967). This is in accordance with the opinion of the court in the case In the Matter of the Interest of Tsosie, (1982) Navajo L.J. 2015. Therefore, any limitation in the statute applies to the remedy sought here.

It is a matter of standard statutory law that statutes must be read on their face to reach a reasonable conclusion which follows from the obvious intent and purpose of the statute. In this case there is an obvious conflict in the intent of the statute when reading it on its face, with a five year limitation to, "have a writ of execution", and a provision that "a judgment creditor may have as many writs of execution as are necessary to effect collection of the entire amount of the judgment." It is important that the five year limitation is upon the issuance of a writ of execution, and Chapter 5 of Title 7 (Procedure) contains no time limitation on judgments.

As a general rule an execution or part payments on a judgment within the period of the statutory time limitation extends the time in which a judgment may be executed. In Lindsey v. Merrill, executions and payments during the statutory period formed new points for the running of the statute and permitted new executions. 36 Ark. 545 (1880). In Strong v. State, part payment of a judgment was held to postpone the running of the statute and revive a judgment for the purposes of an execution. 57 Ind. 428 (1877). In Neilands v. Wrights, the court interpreted a statute such as ours which did not indicate the effect of part payment, but held that part payment was an acknowledgment of the existence of the demand and a waiver of the statute of limitations. 134 Mich. 77, 95 NW 997 (1903).

Two other cases noted that there is a difference between the running of a limitations upon executions and that upon the judgment itself, and held that partial satisfaction extends the period of time in which one may execute upon a judgment. Hicks v. Brown, 38 Ark. 469 (1882); Kontz v. LaDow, 133 Ark. 523, 202 SW 686, (1918).

The obvious purpose of 7 N.T.C. Sec. 705 is to prevent stale judgments and to require judgment creditors to be diligent in seeking to collect on their judgments. If there is no such diligence, then the judgment debtor is assured peace after the five year period. However, since the judgment creditor is permitted as many writs of execution as he or she needs to collect a valid judgment, this court holds that partial satisfaction of the judgment and, as here, legitimate attempts to collect by execution or otherwise toll the statute.

THEREFORE the limitation of 7 N.T.C. Sec. 705 shall run from the date of the last execution attempt on the part of the plaintiff, and the motion to quash the writ of execution is hereby DENIED.

SO ORDERED.