Edward McNEELY, Jr., et al. *v.* Paul L. BONE and Faye S. BONE

85-117                                        698 S.W.2d 512

Supreme Court of Arkansas
Opinion delivered November 12, 1985

*Simes & Associates*, by: *L.T. Simes, II*, for appellant.

*Stripling & Morgan*, by: *Dan Stripling*, for appellee.

DAVID NEWBERN, Justice. This appeal results from an order to sell real estate and divide the proceeds. The appellants contend the land, of which they are part owners, could have been partitioned in kind, and they contend the partition statutes are unconstitutionally applied in this case. We find no merit in either point, and thus we affirm.

### 1. Constitutionality

The appellants, descendants of John B. Blanton, have inherited various undivided interests in 160 acres of land which Blanton obtained by patent in 1904. The appellees have purchased the undivided interests of twelve other Blanton descendants. Ark. Stat. Ann. § 34-1801 (Supp. 1985) permits any person owning an interest in land in common with others to seek a partition of the land. The appellees have obtained an order partitioning the land and for sale of it because the court found it could not be partitioned in kind.

For their argument that partition in this case should not be permitted because it is unconstitutional, harsh and unreasonable, the appellants have cited the Fifth and Fourteenth Amendments to the U. S. Constitution, a newspaper article, and, in their reply brief, C. Kelly, *Stemming the Loss of Black Owned Farmland Through Partition Actions — A Partial Solution*, 1985 Arkansas Law Notes.

The appellants make no argument connecting any of the evidence abstracted to any particular allegation of violation of the Fifth or Fourteenth Amendments. The argument, rather, is that the Arkansas statutes permitting partition of land are being abused in a manner that is causing black persons to have to sell their inherited ancestral lands. No evidence to that effect was introduced at the trial. Nor was there any allegation or evidence produced that the appellants had not had sufficient notice or were discriminated against because of their race or otherwise.

The facts in this case may be close to the scenario addressed in the Arkansas Law Notes article, i.e., a white speculator buying black owned land for less than its value by using the partition device, but there is no evidence to show it. Even if there were, the cited article suggests legislative solutions which would permit persons desirous of holding on to ancestral land to fend off partition speculators. It does not suggest that § 34-1801 or the Arkansas partition statutes, generally, are unconstitutional.

### 2. Partition in Kind

The appellants contend it was error for the court to find that the land could not be partitioned in kind. The land consists of four forty-acre tracts. They contend that they were willing to accept one forty-acre tract (25%) even though they owned 28.6% of the land. The problem with that argument is that it ignores the disparity in value of the forty-acre tracts. In kind division must take account of the quality as well as the quantity of the land being divided. Ark. Stat. Ann. § 34-1818 (Repl. 1962).

The only testimony in the record on the question of the possibility of an in kind division came from an expert witness presented by the appellees. He testified he could not think of a way to achieve a fair in kind division. The appellants asked that the court divide the property in kind giving them either of two

designated forty-acre tracts. The court refused to do it on the ground that the only evidence presented was that no such division could be fairly made. The fact that the appellants were willing to take a tract which was less than their 28.6% of the total acreage is not compelling, as there was no evidence presented to show that such a division would be fair in terms of the comparative values of the forty-acre tracts. The only evidence before the court was to the contrary.

Section 34-1801 provides a party seeking partition may ask for division of the land ". . . and for a sale thereof if it shall appear that partition cannot be made without great prejudice to the owners. . . ." Section 34-1815 provides that when partition has been adjudged the court may appoint commissioners to make the partition according to the interests of the owners. It further provides the court may order a sale without appointing commissioners ". . . if the court determines from the evidence presented that there is no necessity for the appointment of commissioners." Considered together these statutes confer upon the chancellor the authority to decide whether partition in kind is feasible. That is a question of fact, the answer to which depends on evidence of the nature of the land and the nature of the interests of the owners. Factual determinations made by the court trying a case without a jury will not be overturned unless they are clearly erroneous or clearly against the preponderance of the evidence. Ark. R. Civ. P. 52(a); *Holmes* v. *City of Little Rock*, 285 Ark. 296, 686 S.W.2d 425 (1985); *Cude* v. *Cude*, 286 Ark. 383, 691 S.W.2d 866 (1985).

Affirmed.

PURTLE, J., not participating.