2013 Ark. 258

**PRIMUS AUTOMOTIVE FINANCIAL SERVICES, INC., Appellant**

v.

**Sherry L. WILBURN and Kevin L. Wilburn, Appellees.**

No. CV–12–761.

Supreme Court of Arkansas.

June 20, 2013.

Hosto & Buchan, P.L.L.C., by: Travis A. Gray, for appellant.

Ledbetter, Cogbill, Arnold & Harrison, LLP, Fort Smith, by: R. Ray Fulmer, II, and Victor L. Crowell, for appellees.

DONALD L. CORBIN, Justice.

Appellant Primus Automotive Financial Services, Inc., appeals the order of the Sebastian County Circuit Court granting the motion of separate Appellee Sherry L. Wilburn to set aside a garnishment and directing a return of funds paid. The motion was premised on the assertion that the lien of the underlying judgment had expired as had the underlying judgment itself. The motion also requested a return of funds paid after the date the judgment expired. The Arkansas Court of Appeals certified this case to us, stating that an issue needing clarification or development of the law was presented, that being whether the issuance of a writ of garnishment revives a judgment and extends the judgment's effective period for an additional ten years. Accordingly, our jurisdiction is pursuant to Ark. Sup.Ct. R. 1–2(b)(5) and (d) (2012). An order vacating or sustaining a garnishment or attachment is an appealable order pursuant to Ark. R.App. P.-Civ. 2(a)(5) (2012). We conclude that the circuit court erred as a matter of law and its decision was therefore clearly erroneous. We therefore reverse and remand.

The record reveals the following facts. Appellees Sherry and Kevin Wilburn purchased a new 1999 Kia Sportage from a dealership in Fort Smith, Arkansas, with a purchase price of $17,041. They financed $16,783.90 by executing a retail installment sales contract dated May 10, 1999, with Appellant Primus Automotive Financial Services, Inc. ("Primus"). On August 21, 2001, Primus filed a complaint in the Sebastian County Circuit Court against the Wilburns, alleging that they had failed to make the payments as agreed in the contract and that, upon their default and after proper notice, Primus sold the vehicle at a private sale in a commercially reasonable manner leaving a balance due on the contract of $4,214.43. Primus requested a

judgment for the balance due, plus costs, attorney's fees, and interest. Primus obtained a default judgment on January 9, 2002, against the Wilburns jointly and severally for the principal amount of the deficiency, $4,214,43, plus $150 in costs and $421 in attorney's fees, with interest to accrue at 10% until paid.

On January 21, 2011, Primus filed a writ of garnishment, naming as garnishee Cooper Clinic, P.A., as the alleged employer of Appellee Sherry Wilburn. In response, the garnishee wrote a letter addressed to the Sebastian County Clerk stating that Sherry Wilburn was an active employee and was paid on a biweekly basis. The circuit court issued a garnishment order on March 28, 2011, based on the default judgment entered on January 9, 2002. The garnishment order stated that the judgment was a lien on salaries and wages due the Wilburns and that, pursuant to Act 276 of 1995, the garnishment would remain in force until the total amount due on the judgment was satisfied, until the employer-employee relationship ended, or until the judgment was vacated or modified. The order of garnishment also directed the garnishee to begin withholding Appellee Sharon Wilburn's income in accordance with the terms specified in the federal consumer-protection laws and to mail the withheld income to the law firm representing Primus. Finally, the order of garnishment stated that the payments made would be in partial satisfaction of the judgment.

On October 5, 2011, Primus attempted to revive the judgment by filing a petition for writ of scire facias, contending that the judgment obtained on January 9, 2002, remained unsatisfied. On February 27, 2012, Appellee Sherry Wilburn filed a motion to set aside the garnishment, arguing that the petition for writ of scire facias had never been issued, that no order to revive the judgment had been obtained, and that the judgment and lien had expired on January 9, 2012. In her motion, she asked the court to cancel the garnishment as of January 8, 2012, and to direct Primus "to return all funds received after that date." On April 19, 2012, the circuit court held a hearing on the motion to set aside the garnishment, but also briefly addressed the petition for writ of scire facias. By order entered May 18, 2012, the circuit court denied the petition for writ of scire facias on the basis that it was not properly served. Primus has not appealed this order, and does not argue the issue of scire facias as a part of this appeal. By separate order also entered on May 18, 2012, the circuit court granted the motion to set aside the garnishment on the basis that garnishment is not an action on a judgment. The circuit court therefore canceled the garnishment as of the date the judgment became stale, January 8, 2012, and further ordered Primus to immediately return to Appellee Sherry Wilburn all funds received in payment of the judgment after that date. It is from this order that Primus appeals.

In civil bench trials, the standard of review on appeal is not whether there is substantial evidence to support the findings of the court, but whether the court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Cochran v. Bentley*, 369 Ark. 159, 251 S.W.3d 253 (2007). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Middleton v. Lockhart*, 2012 Ark. 131, 388 S.W.3d 451. Where the issue is one of law, our review is de novo. *Id.*

The sole point for reversal urged by Primus is that the circuit court erred in setting aside the garnishment because the

issuance of process or payment on a judgment tolls the statute of limitations on the judgment. Primus relies on *Agribank, FCB v. Holland,* 71 Ark.App. 159, 27 S.W.3d 462 (2000), and *Malone v. Malone,* 338 Ark. 20, 991 S.W.2d 546 (1999) to support its argument. The point urged for reversal has merit, not only according to the cases cited by Primus, but also according to cases from this court dating back to 1852. *See Lindsay v. Norrill,* 36 Ark. 545 (1880); *see also Bracken v. Wood,* 12 Ark. 605 (1852), *overruled on other grounds by Hanly v. Carneal,* 14 Ark. 524 (1854). The point is well taken and warrants reversal.

Wilburn responds that there are only two means by which to revive a judgment, the first being a writ of scire facias and the second being a suit on the judgment, and that the circuit court correctly ruled that neither method applied here. Wilburn responds further that *Malone* stands for the proposition that it is the payment on a judgment rather than the issuance of the garnishment that tolls the statute of limitations. Because Primus offered no proof of actual payment under the garnishment order, Wilburn asserts that Primus's reliance on *Malone* for the proposition that the issuance of the garnishment tolls the statute of limitations is misplaced. Wilburn also contends that the statements in *Malone* concerning tolling were dicta. Wilburn's arguments in support of the circuit court's order are wholly without merit.

We first note that the statements in *Malone* concerning the tolling by payment pursuant to garnishment were not dicta because they were necessary for the analysis in this court's ultimate conclusion that the then-new statutes on enforcement of judgments for child support controlled that case. The *Malone* court used the payment under the garnishment to toll the statute of limitations on a judgment for child-support arrearages. Because the limita-

tions period was tolled, the judgment was still valid and could therefore be subject to the then-new and separate statutes on enforcement of judgments for child support. This portion of *Malone* was therefore not dicta. Regardless of whether that was dicta, however, that portion of *Malone* is not the only controlling rule of law applicable to the present case.

Wilburn is correct that the record does not reflect that Primus ever introduced any evidence of payment pursuant to the writ of garnishment by the garnishee on behalf of Wilburn. Wilburn is also correct that *Malone* speaks only in terms of payment under a writ of garnishment when it comes to the tolling of the statute of limitations on a judgment. However, that is most likely because the issue in the case upon which *Malone* relied in that respect, *Pepin v. Hoover,* 205 Ark. 251, 168 S.W.2d 390 (1943), dealt only with the issue of payment on a judgment and therefore had no cause for discussing the companion or corollary principle of law that the issuance of process or execution on a judgment tolls the limitations period of the judgment and begins a new period from which the limitations will run. *See Koontz v. La Dow,* 133 Ark. 523, 202 S.W. 686 (1918) (citing *Lindsay,* 36 Ark. 545). Thus, although this court in *Malone* stated that the payment on a judgment that occurred pursuant to a writ of garnishment tolled the statute of limitations, there is well-settled law of this state that *Malone* could have also relied on to conclude that the writ of garnishment— regardless of whether it is viewed as the issuance of process or as an execution on the judgment—tolled the limitations period of the judgment. *See Koontz,* 133 Ark. 523, 202 S.W. 686.

Before discussing our law on the tolling of the limitations period on a judgment, it is helpful to review the basic tenets of garnishment. Garnishment is

purely a statutory proceeding, the object of which is to facilitate the execution of any judgment the plaintiff may recover, by seizing and holding the property and credits of the defendant that are in the hands of third persons. *Giles v. Hicks*, 45 Ark. 271 (1885). "The office of the writ is that of monition or warning to the defendant's debtor or bailee not to pay the money or deliver the property to him, but to hold it subject to the orders of the court." *Id.* at 276–77. By the service of the writ, the effects in the garnishee's possession are in the custody of the law. *Id.*

The following basic principles of law on the tolling of the limitations period on judgments have long been well settled in this state. Intermediate executions and payments on judgments form new points for the running of the period of limitations on the judgment. |7*Lindsay*, 36 Ark. 545. Service of the writ of garnishment is an attachment of the debt or a form of levy thereupon. *Lawrence v. Ford Motor Credit Co.*, 247 Ark. 1125, 449 S.W.2d 695 (1970). Garnishment after judgment is, in effect, a form of execution. *Sharum v. Dodson*, 264 Ark. 57, 568 S.W.2d 503 (1978). Garnishment is in the nature of execution. *Probst v. Scott*, 31 Ark. 652 (1877). As garnishment is a form of execution on the judgment, we therefore conclude, consistent with *Lindsay*, 36 Ark. 545, that service of a writ of garnishment made within the period of limitations tolls the limitations period on the judgment and begins a new period.

These additional basic principles of law on the tolling of limitations on a judgment have also long been well settled in Arkansas. "[T]he issuance of process or payment on a judgment will toll the statute [of limitations] and form a new period from which it will run." *Koontz*, 133 Ark. at 526, 202 S.W. at 687. The issuance of process includes execution and writs of garnishment. *See, e.g., id.*, 133 Ark. 523, 202 S.W. 686 (stating that process was issued when execution and writs of garnishment were issued); *see also Black's Law Dictionary* 1325 (9th ed.2009) (quoting 72 CJS *Process* § 2, at 589 (1987) and defining "process" to be synonymous with "writ" or "writs" in the sense that every writ is a process and in the sense that "process" is limited to writs or writings issued from a court under seal and returnable thereto). "[P]rocess may be issued at any time before the enforcement of the judgment is barred, and a break in the running of the statute [of limitations] would constitute the commencement of a new period, not only for an action to enforce the judgment, but for the issuance of process." *Koontz*, 133 Ark. at 526, 202 S.W. at 687.

|8Our review of the foregoing long-settled principles of law in Arkansas leads us to restate them in our conclusion here that a timely writ of garnishment issued before the judgment is barred tolls the statute of limitations on the judgment and constitutes the commencement of a new period for enforcing the judgment, regardless of whether the garnishment is viewed as a form of execution on the judgment or as the issuance of process on the judgment.

The circuit court ruled that garnishment is not an action on the judgment in the sense that it is not a means of reviving the judgment, such as a writ of scire facias or a new suit on the judgment. This ruling was correct, insofar as it went. But that ruling stops far short of a complete analysis to resolve the issue presented and completely overlooks the principle that garnishment constitutes the issuance of process on the judgment and is a form of execution on the judgment, either of which tolls the limitations period on the

judgment and begins a new period. Thus, while a writ of garnishment is not an action on a judgment in the sense of a writ of scire facias or in the sense of a new suit on the judgment, it is nonetheless an action on the judgment to enforce it that tolls the statute of limitations, either as a form of execution on the judgment, as the issuance of process on the judgment, or, upon presentation of proper proof, as payment on a judgment.

The record in this case is clear that the petition for a writ of garnishment was filed on January 21, 2011, and the order of garnishment was issued on March 28, 2011. Both are well within the ten-year limitations period on the judgment entered January 9, 2002. Process was therefore issued, and execution was therefore had on the judgment within the limitations period. The limitations period on the underlying judgment was tolled as of January 21, 2011, when the garnishee was thereby warned that some of Sherry Wilburn's wages would be subject to future orders of the court. A new ten-year period of limitations then commenced on January 21, 2011. There is, accordingly, no basis in the law to quash the garnishment or to set it aside as the circuit court did in this case. The circuit court's findings and conclusions that the judgment became stale and expired are therefore clearly erroneous. The order setting aside the garnishment and directing a return of funds paid is reversed.

Reversed and remanded.

DANIELSON, J., not participating.