SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-199

| | |
|---|---|
| FARMERS INSURANCE EXCHANGE<br>APPELLANT | **Opinion Delivered** October 8, 2014 |
| | APPEAL FROM THE<br>INDEPENDENCE COUNTY<br>CIRCUIT COURT |
| V. | [NO. CV-2011-38-4] |
| | HONORABLE TIM WEAVER,<br>JUDGE |
| RAY BRADFORD ET AL.<br>APPELLEES | APPEAL DISMISSED |

**JOHN MAUZY PITTMAN, Judge**

This is an appeal from the dismissal with prejudice of a declaratory-judgment claim.
We dismiss the appeal for lack of a final order.

Appellee Ray Bradford had a business that maintained parking lots. He purchased an
articulated boom lift to use in his business. Ray and his brother, Jason, were using the lift to
install a security camera in a storage building near Ray's residence that contained both
personal and business property. The boom tipped over and injured Jason, and a claim was
made under Ray's homeowner's insurance policy issued by appellant Farmers Insurance
Exchange. Appellant filed a complaint for declaratory judgment, asserting that Jason's injury
was excluded from coverage because it occurred in connection with a business operated by
the insured, and because the articulated boom came within the policy exclusion regarding
injuries sustained in the operation or use of motor vehicles. Ray answered, denying that

SLIP OPINION

either the business or motor-vehicle exclusions were applicable. Jason also answered, denying that the exclusions were applicable, and filed a counterclaim, alleging that he was injured as a result of Ray's negligent operation of the boom and seeking judgment against the appellant insurer. After a hearing, the trial court entered an order finding that neither the business exclusion nor the motor-vehicle exclusion was applicable and dismissing appellant's declaratory-judgment action with prejudice. The order did not dispose of Jason's counterclaim. This appeal followed.

We cannot reach the merits because the order appealed from is not final. Because the question of whether an order is final and appealable goes to the jurisdiction of the appellate court, it is an issue that we are obliged to determine on our own motion. *Stephens v. Bredemeyer*, 2011 Ark. App. 727. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree from the trial court. If a lawsuit has more than one claim for relief or more than one party, an order or judgment adjudicating fewer than all claims and all parties is neither final nor appealable. Ark. R. Civ. P. 54(b)(2). When the order appealed from is not final, we have no jurisdiction to decide the merits. *McDougal v. Sabine River Land Co.*, 2014 Ark. App. 210.

Here, the counterclaim filed by Jason Bradford against appellant was not disposed of by the order. While a trial court may certify an otherwise nonfinal order for an immediate appeal by executing a certificate pursuant to Ark. R. Civ. P. 54(b)(1), no such certification was obtained in this case. A declaratory-judgment order is not final unless all third-party



claims are resolved or a proper Rule 54(b) certification is obtained. *Southern Farm Bureau Casualty Insurance Co. v. Williams*, 2011 Ark. App. 232.

Appeal dismissed.

WALMSLEY and HIXSON, JJ., agree.

*Laser Law Firm*, by: *Brian A. Brown*, for appellant.

*Blair & Stroud*, by: *H. David Blair*, for appellees.