2015 Ark. App. 253

**FARMERS INSURANCE EXCHANGE,**
Appellant

v.

**Ray BRADFORD, Lanna Bradford,
and Jason Bradford, Appellees**

No. CV–14–1010

Court of Appeals of Arkansas,
DIVISION III.

Opinion Delivered April 22, 2015

Laser Law Firm, Little Rock, by: Brian A. Brown, for appellant.

Blair & Stroud, Batesville, by: H. David Blair, appellee Jason Bradford.

RAYMOND R. ABRAMSON, Judge

This is an appeal from the dismissal of a declaratory-judgment claim. On appeal, Farmers Insurance Exchange ("Farmers") argues that the circuit court erred when it declared that Ray and Lanna Bradford's homeowner's insurance policy with Farmers covered an accident involving a boom lift. We affirm.

Ray has a business of maintaining parking lots. In that business, Ray often changes light bulbs in light fixtures located on the lots, and to help him with this task, he purchased a JLG Model 450 articulated boom lift ("boom lift"). A boom lift is a machine that elevates a platform. In this case, the boom lift can reach up to forty-five feet, and the platform's capacity is 500 pounds. It has a motor, four tires, and can be steered. It moves less than 4.5 miles per hour.

On October 2, 2010, Ray and his brother, Jason Bradford, were using the boom lift at Ray and Lanna's residence when the boom lift tipped over and Jason was injured. In response to the accident, a claim was filed under Ray and Lanna's homeowner's insurance policy issued by Farmers. Farmers then filed a declaratory-judgment complaint in the Independence County Circuit Court, asserting that Jason's injury was excluded from coverage because the boom lift came within the policy exclusion regarding injuries sustained in the operation or use of motor vehicles.[1] Ray and Lanna answered, denying that the policy exclusion applied. Jason also answered, denying that the exclusion applied and filing a counterclaim against Farmers.

The relevant sections of Ray and Lanna's policy with Farmers state:

DEFINITIONS

. . . .

17. Motor vehicle—means:

a. any self-propelled vehicle or any self-propelled machine, whether operable or not, which is designed for movement on land or on land and in water, including by way of example but not limited to any type of automobile, hovercraft, or air cushion vehicle;

b. parts, equipment, machinery, furnishings or accessories attached to or located in or upon such vehicle or machine described in subsection a. above; and

c. any trailer or semi-trailer which is being carried on, towed by, or hitched for towing by a vehicle or machine described in subsection a. above

. . . .

SECTION II—LIABILITY EXCLUSIONS

. . . .

15. Aircraft, motor vehicles, or watercraft. We do not cover bodily injury, property damage or personal injury arising from, during the course of or in connection with the ownership, maintenance, operation, use, occupancy, loading, or unloading, moving or movement, or entry or exit of any:

. . . . .

b. motor vehicle;

___

1. Farmers also argued that Jason's injury was excluded because the accident occurred in connection with Ray's business. However, Farmers abandons that argument on appeal.

However, this exclusion does not apply to:

(1) a motorized golf cart not subject to motor vehicle registration:

i. while on the golf course and used for golfing purposes, or

ii. while in a private residential community, including its public roads upon which a motorized golf cart can legally travel, which is subject to the authority of a property owners association and contains the residence premises;

(2) lawn, garden or farm equipment principally used on the residence premises;

(3) recreational vehicles not subject to motor vehicle registration that are only used on the residence premises, including by way of example, all terrain vehicles;

(4) any watercraft, camper, home or utility trailer not being towed by, attached to or carried on a motor vehicle; or

(5) a motorized assisted living device designed to assist the disabled.

The case proceeded to a bench trial on August 1, 2013, where the relevant facts were not disputed.[2] Following the trial, on October 18, 2013, the circuit court entered a judgment, declaring that the motor-vehicle exclusion did not apply to the boom lift and dismissing Farmers's complaint with prejudice. Specifically, the judgment stated:

[T]he [c]ourt finds, for the reasons articulated by Defendant Jason Bradford in his trial brief, that the motor vehicle exclusion is inapplicable to the occurrence described herein and therefore [Farmers]'s petition for declaratory judgment exonerating it from the duty to defend or indemnify Ray Bradford as regards any claims of Jason Bradford, should be and hereby is denied and [Farmers]'s petition should be and hereby is dismissed with prejudice.

In his trial brief, Jason argued that the term "vehicle" in the Farmers policy is ambiguous. He further cited statutory and dictionary definitions of "vehicle" and asserted that the boom lift did not fit those definitions.

[4]Farmers then filed a motion to reconsider or for a new trial. Farmers attached to its motion a tort complaint filed by Jason against Ray in September 2013. The complaint alleged that Ray "caused the machine to move forward. After moving a few feet, the [boom lift] toppled over." The complaint further alleged that Ray's negligence caused "the machine to move when the boom was in a position above horizontal." The circuit court denied Farmers's motion to reconsider or for a new trial. Farmers filed a notice of appeal.

On October 8, 2014, this court dismissed Farmers's appeal for lack of a final order because the circuit-court order dismissing the declaratory judgment did not dispose of Jason's counterclaim. *See Farmers Ins. Exch. v. Bradford*, 2014 Ark. App. 537, 2014 WL 5035118. Following our dismissal, on November 7, 2014, the circuit court entered an order dismissing Jason's counterclaim as moot. Farmers then filed a second notice of appeal on November 13, 2014. On appeal, Farmers asserts that the circuit court erred when it found that the motor-vehicle exclusion did not apply to the boom lift.

---

2. The parties disputed the reason why Jason and Ray were using the boom lift at the time of the accident. However, they agree this disputed fact is not relevant to the issue on appeal.

In bench trials, the standard of review on appeal is whether the circuit court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Benefit Bank v. Rogers*, 2012 Ark. 419, 424 S.W.3d 812. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Primus Auto. Fin. Servs., Inc. v. Wilburn*, 2013 Ark. 258, 428 S.W.3d 480. However, we review questions of law de novo. *Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, 381 S.W.3d 21. Therefore, we review the circuit court's factual findings for clear error and its interpretation of the law de novo. *Robinson v. Villines*, 2009 Ark. 632, 362 S.W.3d 870.

Our law regarding the construction of insurance contracts is well settled. *McGrew v. Farm Bureau Mut. Ins. Co.*, 371 Ark. 567, 268 S.W.3d 890 (2007); *Elam v. First Unum Life Ins. Co.*, 346 Ark. 291, 57 S.W.3d 165 (2001). The language in an insurance policy is to be construed in its plain, ordinary, and popular sense. *Norris v. State Farm Fire & Cas. Co.,* 341 Ark. 360, 16 S.W.3d 242 (2000). Different clauses of an insurance contract must be read together and the contract construed so that all of its parts harmonize. *Philadelphia Indem. Ins. Co. v. Austin*, 2011 Ark. 283, 383 S.W.3d 815.

Exclusionary endorsements must adhere to the general requirements that the insurance terms must be expressed in clear and unambiguous language. *McGrew*, 371 Ark. 567, 268 S.W.3d 890. If a provision is unambiguous, and only one reasonable interpretation is possible, this court will give effect to the plain language of the policy without resorting to the rules of construction. *Id.* If, however, the policy language is ambiguous, and thus susceptible to more than one reasonable interpretation, we will construe the policy liberally in favor of the insured and strictly against the insurer. *Id.* Our supreme court has applied the rule of construction of *noscitur a sociis* when interpreting language in an insurance policy. *See Union Bankers Ins. Co. v. Nat'l Bank of Commerce of Pine Bluff*, 241 Ark. 554, 408 S.W.2d 898 (1966). *Noscitur a sociis* in "literal translation means 'it is known from its associates' and in practical application means that a word may be defined by an accompanying word." *Weldon v. Sw. Bell Tele. Co.*, 271 Ark. 145, 146, 607 S.W.2d 395, 396 (1980).

In this case, Farmers argues that the circuit court erred in finding that the motor vehicle exclusion did not apply to the boom lift because, in making its decision, the court relied upon various statutory and dictionary definitions of motor vehicle.[3] Farmers asserts that the circuit court should have relied solely upon the policy definition of motor vehicle, and had it done so and given the definition's words their ordinary meaning, then the court should have found that the motor-vehicle exclusion applies to the boom lift.

Farmers's argument that the circuit court should not have relied on statutory and dictionary definitions of motor vehicle has merit. In *Nationwide Mut. Ins. Co. v. Worthey*, our supreme court noted that when an insurance policy includes a definition, the policy definition controls the court's analysis. 314 Ark. 185, 861 S.W.2d 307 (1993) (citing *Enter-*

---

**3.** Farmers assumes that the circuit court relied on statutory and dictionary definitions because in the judgment the court stated that it made its decision "for the reasons articulated by [Jason] in his trial brief," and Jason's trial brief cites statutory and dictionary definitions of "vehicle."

*prise Tools, Inc. v. Export–Import Bank,* 799 F.2d 437 (8th Cir. 1986) (holding that where a term is defined in the policy, the court is bound by the policy definition)).

However, any reliance on those definitions by the circuit court does not warrant reversal in this case because the motor-vehicle definition in the Farmers policy is ambiguous. The Farmers policy defines motor vehicle as "any self-propelled vehicle or any self-propelled machine, whether operable or not, which is designed for movement on land or on land and in water, including by way of example but not limited to any type of automobile, hovercraft, or air cushion vehicle." This definition lends itself to more than one reasonable interpretation. |₇Specifically, one can read the definition to exclude all self-propelled vehicles and machines that are designed for a means of conveyance. The definition's examples—automobile, hovercraft, and air-cushion vehicle—suggest this interpretation. Or, as Farmers claims, the definition can be read to exclude *any* self-propelled vehicle and machine that *can* move on land or on land and in water.

Because an ambiguity exists in the Farmers policy, we must apply the interpretation that favors the insured in these circumstances, and in doing so, agree with the circuit court that the motor-vehicle exclusion did not apply to the boom lift. Accordingly, we affirm the circuit court's decision. While we recognize that the circuit court decided this case on a different theory, this court sustains a circuit court's ruling when it reached the right result. *Bushong v. Garman, Co.,* 311 Ark. 228, 843 S.W.2d 807 (1992).

Affirmed.

Gladwin, C.J., and Harrison, J., agree.