Cite as 2025 Ark. App. 523

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-24-466

| | |
|---|---|
| TERRYE B. VOWELL; DAVID VOWELL; AND ZACHARY D. NORTHCUTT D/B/A ZACHARY D. NORTHCUTT FARMS | Opinion Delivered October 29, 2025 |
| | APPEAL FROM THE LEE COUNTY CIRCUIT COURT |
| | [NO. 39CV-23-78] |
| APPELLANTS | |
| | HONORABLE CHRISTOPHER W. |
| V. | MORELEDGE, JUDGE |
| WALDRIP LANDS, LLC | REVERSED AND REMANDED |
| APPELLEE | |

**MIKE MURPHY, Judge**

This is an appeal from an order confirming sale of property. The issue on appeal is whether the circuit court erred when it ordered the sale of the jointly owned land without appointing commissioners and without evidence that partition in kind would greatly prejudice the owners. We reverse and remand.

## I. *Background*

The property at issue is 396 acres of farmland. As of 2023, the Northcutts had farmed the land for thirty-one years, first by Rusty Northcutt, and after his death, by his son, Zachary. Rusty and his wife, Terrye (now Terrye Vowell), owned a one-third undivided interest in the land. The appellants are Terrye; Terrye's new spouse, David Vowell; and Zachary. Austin

Mauldin owned another one-third undivided interest in the property. The remaining one-third interest belonged to the children of Charles Moseley.[1]

On June 8, 2023, Waldrip Lands, appellee, bought Mauldin's one-third interest. Eight days later, Waldrip Lands sent a letter to Zachary informing him that, effective 2024, Waldrip Lands and Moseley were terminating the farm lease agreement. Waldrip Lands and its owner, Mark Waldrip, as attorney-in-fact for Charles Moseley, then sought a declaratory judgment that they could terminate the lease without Terrye's consent. The complaint sought a declaration from the court to establish that Zachary was given proper notice to terminate the farm lease pursuant to Arkansas Code Annotated section 18-16-105 (Supp. 2023).[2] At the time this complaint was filed, the property was owned by Waldrip Lands, Moseley, and Terrye Vowell as tenants in common, with each owning an undivided one-third interest.

The circuit court held a hearing on the petition on January 25, 2024. Testimony generally established who owned the property, who had a lease to farm the property, whether

---

[1]Ned Winston Moseley, Heather Elizabeth Moseley, and Christopher Daniel Moseley held their undivided one-third subject to the life estate of Charles Moseley.

[2]Ark. Code Ann. § 18-16-105 states,

The owner of farmlands that are rented or leased under an oral rental or lease agreement may elect not to renew the oral rental or lease agreement for the following calendar year by giving written notice by any method of service permitted under Rule 4 of the Arkansas Rules of Civil Procedure to the renter or lessee on or before June 30 that the oral rental or lease agreement will not be renewed for the following calendar year.

Zachary had been properly served, who had power of attorney for whom, who could terminate the lease, and whether the property was heir property.

At the conclusion of the hearing, the court found that notice to terminate Zachary's farm lease was properly given. The circuit court further ordered the parties to resolve their dispute within fourteen days, and if they could not resolve the dispute, the court would appoint the clerk to sell the property.

A few weeks later, Terrye and Zachary filed a motion for reconsideration. The motion asserted that despite there being no petition for the partition of the land by sale or division, the court erred in directing that the land be sold in fourteen days if the parties could not "remedy this."

On February 12, 2024, Terrye, along with her husband, David, and Zachary filed a counterclaim for partition. The counterclaim asked the court to divide the property in accordance with the Uniform Partition of Heirs Property Act, Ark. Code Ann. §§ 18-60-1001 et seq. (Repl. 2015 & Supp. 2023). They contended the property was able to be divided in kind.

On February 27, Waldrip Lands moved to dismiss the counterclaim and filed an amended petition for the court to order a sale of the property. The motion stated that on February 24, Waldrip Lands acquired Mosely's one-third interest and that the heirs-property act was therefore inapplicable. In the amended petition, Waldrip Lands alleged that the land "is so situated that partition in kind cannot be made without great prejudice to the owners of the property." It further alleged that "since the property being partitioned is not

susceptible to division without great prejudice to the owners of the property, the court . . . should order that the property be sold without the appointment of commissioners . . . ."

The appellants answered, asserting that the court should appoint commissioners instead of ordering a sale pursuant to section Arkansas Code Annotated section 18-60-424 (Repl. 2015) without the appointment of commissioners. The same day their answer was filed, they sent a letter to the court stating that they disagreed with the proposed order from the January hearing because the court had not addressed the motions and pleadings that had been filed since the hearing. They again objected to the sale of the property because "there has been no evidence before the court from which the court could make a determination as to whether the property is or is not capable of being divided in kind without prejudice to the owners."

On March 6, the court entered an order reflecting its comments from the January hearing and found "the parties have submitted letters to the Court indicating there is no agreement," and it directed the property be sold on the courthouse steps to the highest bidder.

On March 12, the appellants moved for reconsideration and asked that the matter be set for a new trial "so that both parties can produce evidence from which the court can make an informed decision as to partition in kind or partition by sale." It alleged,

> To sell the land without first giving the parties the right to offer proof as to why or why [not] 396.752 acres of bare crop land can not be divided in kind when there are no substantial improvements on the land like houses, grain bins, etc. would be an abuse of discretion, arbitrary, capricious and an unreasonable for it would have been

4

made without hearing any evidence to [ ] decide why the land can not be divided in kind.

They also filed a request for findings of fact and conclusions of law, a stay of the sale, and the appointment of a receiver to farm the property.

Without a ruling on the motions, the sale was held on March 25, 2024. Vowell and Waldrip Lands were among the bidders. Waldrip Lands was the highest bidder at $2.61 million. The order confirming the sale was entered on April 9, 2024. On April 16, appellants Terrye, David, and Zachary filed a notice of appeal and a second motion for reconsideration. They also filed a motion for stay pending appeal and motion for recusal. On May 11, the court conducted a hearing denying these motions. On July 12, appellants filed a supplemental notice of appeal designating the transcript from the July hearing.

## I. *Standard of Review*

Partition cases often involve factual determinations regarding the feasibility of partition in kind versus sale as well as judicial discretion in confirming or disapproving partition sales. We apply different standards of review depending on whether the issue involves factual findings, legal conclusions, or discretionary decisions.

In civil bench trials, the standard of review on appeal is not whether there is substantial evidence to support the findings of the court but whether the court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Primus Auto. Fin. Servs., Inc. v. Wilburn*, 2013 Ark. 258, at 4, 428 S.W.3d 480, 483. Generally, a circuit court is conferred with the authority to decide whether partition in kind is feasible, which can be a

question of fact based on evidence of the nature of the land and the nature of the interests of the owners. *See McNeely v. Bone*, 287 Ark. 339, 342, 698 S.W.2d 512, 514 (1985). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Primus, supra.* Where the issue is one of law, our review is de novo. *Id.*

## II. *Discussion*

Appellants contend the circuit court did not follow proper procedure concerning partition and the sale of land. We agree.

An action for partition may be brought in circuit court by "any persons having any interest in and desiring a division of land held in joint tenancy, in common . . .." Ark. Code Ann. § 18-60-401(a) (Repl. 2015). A landowner who wishes to divide jointly held land must file a petition asking for division, and if it appears that partition cannot be made without great prejudice to the owner, it may ask for a sale of the property. *Id.*

Upon determining the interests of the parties and deciding that partition should be ordered, the circuit court may appoint commissioners to divide the land in kind, if possible, according to those interests. Arkansas Code Annotated section 18-60-420 (Repl. 2015) provides that if the commissioners appointed by the court report that partition in kind cannot be made without great prejudice, and if the court finds the report just and correct, it may order the property to be sold at public auction or through a negotiated sale under terms set by the court. *Id.*

Alternatively, Arkansas Code Annotated section 18-60-424 provides that "[t]he court may order a sale without the appointment of commissioners if the court determines from the evidence presented that there is no necessity for the appointment of commissioners."

On the basis of our de novo review, we hold that the court erred in ordering the land to be sold before a petition for partition was filed. The original hearing had nothing to do with whether a partition should be ordered because at that point the issue was whether the farm lease agreement could be terminated. The court's order of the sale of land after this hearing was premature. Indeed, the court stated from the bench,

> [T]he cases that I have found in other jurisdictions simply says it when they can't get along, their remedy is to file a claim -- complaint for partition. And then the Court has every right to partition the land. Again, though, in equity. How do I partition property? I don't know what is heirable and what is not. What is timberland. I don't know what's what. I don't know anything about that right now. There's nothing in evidence at this point.

Neither party filed for a partition until after this hearing. And even still, the posthearing filings do not demonstrate whether the land could be partitioned in kind without great prejudice. It is also not evident whether the appointment of commissioners is necessary.

Appellee contends we must affirm because land is unique, and the court is familiar with farmland in the First Judicial Circuit. This argument is conclusory and lacks evidentiary support.

The judgment as to the sale is therefore reversed. On remand, the circuit court is directed to hear evidence or refer the question to commissioners to examine the land and determine whether partition in kind can be made without prejudice.

Reversed and remanded.

GLADWIN and HIXSON, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*; and *Daggett & Perry, PLLC*, by: *Jesse B. Daggett*, for appellants.

*Castleberry Law Firm, PLLC*, by: *Kenneth P. "Casey" Castleberry*; and *Felton Smith & Waldrip*, by: *T. Benton Smith* and *Brett M. Waldrip*, for appellee.