Cite as 2020 Ark. App. 36

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV-17-197

|  |  |
|---|---|
| FARM CREDIT MIDSOUTH, PCA<br>APPELLANT<br><br>V.<br><br>FRED BOLLINGER, JR.; BOLLINGER LONE OAK, INC.; AND BOLLINGER PARTNERS, INC.<br>APPELLEES | **Opinion Delivered:** January 22, 2020<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. 18CV-09-414]<br><br>HONORABLE PAMELA HONEYCUTT, JUDGE<br><br>APPEAL DISMISSED |

## BART F. VIRDEN, Judge

In *Farm Credit Midsouth, PCA v. Bollinger*, 2018 Ark. App. 224, 548 S.W.3d 164 (*Bollinger I*), we heard an appeal on the merits of the instant case. In this second appeal, we are asked to review the circuit court's order denying appellant Farm Credit's request for attorney's fees. The circuit court ruled that Farm Credit was not entitled to fees because it was not the "prevailing party." The court also ordered Farm Credit to return approximately $120,000 to appellee Fred Bollinger Jr. and his farming operations[1] (collectively, the "Bollingers") that was previously paid to Farm Credit as attorney's fees and to release from the court's registry another $50,000 that Farm Credit had required the Bollingers to pay. We conclude that the order appealed from is not a final order, and we dismiss the appeal.

---

[1]The related entities are appellees Bollinger Lone Oak, Inc., and Bollinger Partners, Inc.

The December 16, 2016 order from which this appeal is taken recites the following language in the last paragraph:

> 5. That the issues of whether [the Bollingers] are entitled to recover reasonable attorney's fees for the recovery of [the approximately $120,000 and the $50,000 held in the court's registry] and pre-judgment interest thereon are deferred pending hearing on these issues which is currently scheduled for Thursday, February 16, 2017.

Our courts have consistently held that the award of attorney's fees is a collateral matter. *Nettleton Sch. Dist. v. Owens*, 329 Ark. 367, 948 S.W.2d 94 (1997); *Marsh & McLennan of Ark. v. Herget*, 321 Ark. 180, 900 S.W.2d 195 (1995); *Pledger v. Bosnick*, 306 Ark. 45, 811 S.W.2d 286 (1991). Here, it is the language regarding prejudgment interest that is causing the finality problem. In *Capitol Life & Accident Insurance Co. v. Phelps*, 72 Ark. App. 464, 37 S.W.3d 692 (2001), we held that when the trial court's order awarded the appellee judgment but held in abeyance all matters concerning prejudgment interest and statutory penalties, the order was not a final, appealable order from which an appeal could be taken:

> [T]he trial court has held in abeyance all matters concerning the issues of prejudgment interest and statutory penalties. We conclude that the trial court's reservation of such issues constitutes piecemeal litigation that could warrant later determination by the trial court. The order in question does not dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. The trial court even acknowledged in its order that it retained jurisdiction of this matter and that it would hold in abeyance the matters of pre-judgment interest and statutory penalties "until this matter has been finalized on appeal." Because the trial court has to address these issues, we dismiss the appeal.

*Id.* at 465–66, 37 S.W.3d at 693.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. Although the parties did not raise the issue, the question of a final order is a jurisdictional requirement that the appellate court raises on its own in order to avoid piecemeal litigation.

*Hankook Tire Co., Ltd. v. Philpot*, 2018 Ark. App. 546, 564 S.W.3d 555. Arkansas Rule of Civil Procedure 54(b) provides that when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. Although Rule 54(b) provides a method by which the circuit court may direct entry of a final order as to fewer than all the claims or parties, when there is no attempt to comply with those provisions of Rule 54(b), the order is not final, and we must dismiss the appeal. *See Hankook Tire Co.*, *supra*.

Because the circuit court's order expressly retained jurisdiction of the award of prejudgment interest and attorney's fees, and there is no certification pursuant to Rule 54(b) that would justify an immediate appeal, this court is without jurisdiction to review this appeal.[2]

Appeal dismissed.

SWITZER and BROWN, JJ., agree.

*Waddell, Cole & Jones, PLLC*, by: *Ralph W. Waddell*, *Kevin W.* Cole, and *Justin E. Parkey*, for appellant.

*Rogers, Coe & Sumpter*, by: *Joe M. Rogers*, for appellees.

---

[2]Because the circuit court has jurisdiction over the attorney's-fees issues and did not have the benefit of our opinion in *Bollinger I*, the court may wish to reconsider both the Bollingers' request and Farm Credit's request for fees.