Cite as 2021 Ark. App. 112

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CV-19-635

| | |
|---|---|
| FRED N. BOLLINGER JR.; BOLLINGER LONE OAK, INC.; AND BOLLINGER PARTNERS, INC. APPELLANTS | Opinion Delivered: March 10, 2021 |
| | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. 18CV-09-414] |
| V. | |
| FARM CREDIT MIDSOURTH, PCA; AND TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA APPELLEES | HONORABLE PAMELA HONEYCUTT, JUDGE |
| | AFFIRMED |

## BART F. VIRDEN, Judge

Aspects of this case have been before this court twice previously. *See Farm Credit Midsouth, PCA v. Bollinger*, 2018 Ark. App. 224, 548 S.W.3d 164 (*Bollinger I*) (merits); *Farm Credit Midsouth, PCA v. Bollinger*, 2020 Ark. App. 36, 595 S.W.3d 3 (*Bollinger II*)(attorney's fees).[1] In this appeal, Bollinger Lone Oak, Inc., and Bollinger Partners, Inc. (collectively with their principal, Fred Bollinger Jr., the Bollingers), challenge the circuit court's order declining their request to enter judgment against Travelers Casualty & Surety Company of America (Travelers) as surety on an appeal bond posted by Farm Credit Midsouth, PCA, when Farm Credit appealed the judgment entered against it leading to *Bollinger I*. The

---

[1]The issues leading to *Bollinger II* arose while the appeal in *Bollinger I* was being perfected but are not relevant to the issues currently before us. The *Bollinger II* appeal was stayed while the appeal in *Bollinger I* was pending before ultimately being dismissed for lack of finality in January 2020, some seven months after entry of the order in the appeal now before us.

Bollingers also challenge the circuit court's denial of their request for a 12 percent statutory penalty, interest, and reasonable attorney's fees. We affirm because we cannot reach the merits of the Bollingers' arguments.

## I. *Facts*

In *Bollinger I*, we set forth in detail the facts of the dispute between the Bollingers and Farm Credit. We will not repeat the facts in detail but provide the following summary. This case began as an action for foreclosure and replevin brought by Farm Credit against the Bollingers, based on the Bollingers' default on certain agricultural loans made by Farm Credit to the Bollingers. While the case was pending in the circuit court, the issues surrounding the debt owed to Farm Credit were resolved. The Bollingers had filed a counterclaim against Farm Credit, asserting many causes of action, each with many theories, which fell within three basic claims: (1) that Farm Credit improperly required the Bollingers to "book" their crops as a condition of receiving loans; (2) that Farm Credit wrongfully asserted a lien on the proceeds of the Bollingers' 2008 soybean crop; and (3) that Farm Credit mishandled the Bollingers' crop-insurance applications and claims. *Bollinger I*, 2018 Ark. App. 224, at 2, 548 S.W.3d at 169.

The Bollingers' counterclaims were tried before a jury over several days. The circuit court directed verdicts in favor of Farm Credit on certain theories. The jury found in favor of the Bollingers on all three of their claims, based on multiple other theories on each claim. In entering judgment on the jury's verdict, the court found that the Bollingers were entitled to only one recovery on each of their claims. Thus, the Bollingers were awarded a total

judgment of approximately $1.5 million. The circuit court also granted the Bollingers' request for prejudgment interest. *Bollinger I*, 2018 Ark. App. 224, at 4, 548 S.W.3d at 170.

Farm Credit appealed, leading to *Bollinger I*. Farm Credit posted an appeal bond, with Travelers as surety. The circuit court approved the bond and stayed execution on the judgment pending appeal.

Our opinion in *Bollinger I* was delivered on April 4, 2018. We reversed as to the Bollingers' claims for improper booking and interference with the 2008 soybean crop for failure to make a prima facie case on those claims. We also reversed the circuit court's award of prejudgment interest on the soybean-crop verdict. We affirmed the verdict in favor of the Bollingers on the crop-insurance claim based on theories of negligence and promissory estoppel. The net effect of our decision was a reduction in the judgment against Farm Credit from approximately $1.5 million to approximately $90,000.

Our mandate in *Bollinger I* issued June 21, 2018. Following issuance of the mandate, the Bollingers' attorney made separate demands, with calculations of the amounts due, for payment of the judgment from both Farm Credit and Travelers.

On August 20, 2018, the Bollingers filed a petition for contempt against Farm Credit, alleging that Farm Credit was refusing to pay the judgment or to comply with the judgment by listing its assets.

On Farm Credit's motion, the mandate was recalled on August 22, 2018. The amended mandate was issued on September 25, 2018.

Farm Credit responded to the contempt motion, noting this court's recall of the mandate. Farm Credit also noted that judicial economy favored waiting until its appeal in

*Bollinger II* was concluded so that the circuit court could determine and set off the amounts due and owing between the parties.

After this court issued its amended mandate, the Bollingers filed an amended petition for contempt on October 17, 2018. Farm Credit responded, again arguing that the case remained stayed pending the outcome of *Bollinger II*. Farm Credit further argued that a favorable ruling in *Bollinger II* would likely lead to an award of attorney's fees to Farm Credit once the issue was remanded to the circuit court.

Farm Credit also filed a motion asking the court to allow it to deposit the amount of the judgment into the court's registry pending the final resolution of *Bollinger II* and any subsequent attorney's fees award. Farm Credit's position was that such an arrangement best promoted judicial economy in winding down the case.

On October 22, 2018, the Bollingers filed a motion seeking judgment against Travelers on the appeal bond. In their motion, the Bollingers also asked the court to award them the 12 percent penalty, interest, and attorney's fees pursuant to Arkansas Code Annotated section 23-79-208 (Repl. 2014). Travelers responded, arguing that the Bollingers' motion was improper and without merit for multiple reasons. The Bollingers later amended their motion. Travelers again responded.

The circuit court held a hearing on the Bollingers' amended contempt petition and Farm Credit's motion on November 13, 2018. At the end of the hearing, the court took the matter under advisement. The court later held a hearing on the Bollingers' motion on the bond against Travelers on January 8, 2019. The court again took the matter under advisement.

4

On April 8, 2019, the circuit court issued a letter opinion deciding the various pending motions. The court found that it did not have authority to delay execution of the judgment or to allow Farm Credit to deposit the remaining judgment amount into the court's registry. The court ordered Farm Credit to pay the amount due on the judgment within thirty days. The court reserved ruling on the Bollingers' request to hold Farm Credit in contempt but found that Farm Credit had a good faith belief in its arguments. The court withheld any ruling against Travelers pending Farm Credit's payment of the judgment within thirty days. The court did not address the Bollingers' claim for the 12 percent penalty, interest, and attorney's fees. An order memorializing and incorporating the rulings of the letter opinion was entered on April 15.

Farm Credit paid the Bollingers' judgment with interest and circuit court costs, and satisfaction of the judgment was filed on May 3, 2019. On May 14, the Bollingers filed their notice of appeal from the circuit court's April 15 order.

## II. *Arguments on Appeal*

The Bollingers argue that the circuit court erred in failing to (1) enforce Travelers's liability on the appeal bond and (2) award the 12 percent penalty and reasonable attorney's fees against Travelers.

## III. *Analysis*

The Bollingers first argue that the circuit court erred in not finding Travelers liable on the appeal bond. The Bollingers contend that neither Farm Credit nor Travelers had any defense to liability on the bond and that the circuit court erred in allowing Farm Credit an additional thirty days in which to pay the judgment before imposing liability on Travelers.

5

They further argued that there was no authority to allow Farm Credit to pay the judgment into the registry of the court pending the outcome of *Bollinger II*.

We cannot address the merits of this issue because it has become moot due to Farm Credit's payment of the judgment and the Bollingers' entry of satisfaction of that judgment. As a general rule, a satisfaction of judgment entered of record operates as an extinguishment of the debt and a bar to further proceedings. *Fields v. Jarnagin*, 210 Ark. 1054, 199 S.W.2d 961 (1947); *Bisbee v. Decatur State Bank*, 2010 Ark. App. 459, 376 S.W.3d 505; Ark. Code Ann. § 16-65-602(d) (Repl. 2005). Moreover, satisfaction of judgment generally operates to discharge a supersedeas bond as to both the principal and surety. *See Vento v. Colo. Nat'l Bank*, 985 P.2d 48, 52 (Colo. App. 1999); *First Fed. Sav. & Loan Ass'n v. Bell*, 601 So. 2d 939 (Ala. 1992); Restatement (Third) Suretyship & Guaranty § 39 (1996). This means that Travelers can no longer be held liable on the appeal bond because the Bollingers are entitled to only one payment of their judgment. An opinion from our court would have no practical effect upon that legal controversy and would only be advisory. *See City of Greenwood v. Shadow Lake Ass'n, Inc.*, 2015 Ark. 143, 459 S.W.3d 291(declining to address moot issues).

The Bollingers next claim the circuit court erred in failing to award attorney's fees, interest, and the 12 percent penalty under Arkansas Code Annotated section 23–79–208 which states:

> (a)(1) In all cases where loss occurs and the cargo, fire, marine, casualty, fidelity, surety, cyclone, tornado, life, health, accident, medical, hospital, or surgical benefit insurance company . . . liable therefor shall fail to pay the losses within the time specified in the policy, after demand made therefor, the person, firm, corporation or association shall be liable to the holder of the policy or his assigns, in addition to the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorneys' fees for the prosecution and collection of the loss.

The Bollingers argue, as they did below, that they were entitled to the 12 percent penalty, interest, and attorney's fees under section 23-79-208 and that such awards were mandatory. Travelers argues that the issue is not preserved and that the statute does not apply to judgments and supersedeas bonds. Before we can address the merits of this point, we must first address whether the Bollingers can even appeal this point given the payment and satisfaction of the judgment discussed above.

An appellant waives his or her right to appeal once he or she accepts a benefit that is inconsistent with the relief sought on appeal. *See Wilson v. Fullerton*, 332 Ark. 111, 964 S.W.2d 208 (1998); *Shepherd v. State Auto Prop. & Cas. Ins. Co.*, 312 Ark. 502, 850 S.W.2d 324 (1993). The general purpose behind the rule set forth in both *Wilson* and *Shepherd* is that a party should not be able to enjoy the fruits of a judgment and at the same time appeal that judgment.

This issue, therefore, turns on whether the Bollingers' appeal is inconsistent with their acceptance of payment of the judgment. We do not believe so. The Bollingers were entitled to payment of the judgment in any event; the only question was whether Farm Credit or Travelers would be the party paying the judgment. In contrast, their claims on appeal expressly go to *additional* awards—the statutory penalties and attorney's fees—they sought under section 23-79-208. *Shepherd*, *supra*. Under the circumstances, we do not believe that Farm Credit's payment of the judgment prevents an appeal on the claims for the statutory penalties and attorney's fees against Travelers. *Id.*

That said, the Bollingers' claims still must be preserved for our review. At the hearing, the Bollingers argued that an award of the penalty and attorney's fees was mandatory under

7

section 23-79-208. The circuit court's letter opinion and order, however, are completely silent with respect to the statutory claim. Because the circuit court did not provide a clear, express ruling on awarding the Bollingers the penalty and attorney's fees under section 23-79-208, we are precluded from addressing this argument on appeal as we will not presume a ruling from the circuit court's silence on the penalties and fees. *TEMCO Constr., LLC v. Gann*, 2013 Ark. 202, at 9, 427 S.W.3d 651, 657. It is an appellant's responsibility to obtain a ruling to preserve an issue for appeal, and the Bollingers' failure to obtain a ruling precludes our review on appeal. *Id.*

Affirmed.

GRUBER and BARRETT, JJ., agree.

*Rogers, Coe & Sumpter*, by: *Joe M. Rogers*, for appellants.

*Waddell, Cole & Jones, PLLC*, by: *Ralph W. Waddell*, *Kevin W. Cole*, and *Justin E. Parkey*, for separate appellee Travelers Casualty and Surety Company of America.