Cite as 2026 Ark. App. 167

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV-24-85

| | |
|---|---|
| FRED N. BOLLINGER D/B/A FNB FARMS; FRED N. BOLLINGER, JR.; BOLLINGER LONE OAK, INC.; AND BOLLINGER PARTNERS, INC.<br><br>APPELLANTS<br><br><br>V.<br><br><br>FARM CREDIT MIDSOUTH, PCA<br>APPELLEE | Opinion Delivered March 11, 2026<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. 18CV-09-414]<br><br><br>HONORABLE PAMELA HONEYCUTT, JUDGE<br><br>REVERSED AND REMANDED |

**BART F. VIRDEN, Judge**

This is the fourth appeal in this long-running case between appellants, the estate of Fred Bollinger, Sr. (Bollinger Sr.'s Estate), his son Fred Bollinger, Jr. (Bollinger Jr.), and his farming entities (collectively, the "Bollingers"); and their creditor, appellee Farm Credit Mid-America PCA, successor in interest by merger to Farm Credit Midsouth PCA ("Farm Credit"). In the current appeal, the Bollingers appeal an October 2023 order and judgment in which the circuit court vacated a prior order and awarded attorneys' fees to Farm Credit. For reversal, the Bollingers argue that (1) the circuit court erred in awarding attorneys' fees to Farm Credit pursuant to Arkansas Code Annotated section 16-22-308 (Repl. 1999); (2) the circuit court abused its discretion by setting aside its December 2016 order on judgment; (3) the circuit court erred in failing to award Bollinger Sr.'s Estate and Bollinger

Jr. reasonable attorney's fees under section 16-22-308 given that they prevailed on a collateral claim; (4) the circuit court erred in denying Bollinger Sr.'s Estate and Bollinger Jr. prejudgment interest from February 17, 2012, on the $169,742.98 they were compelled to pay in fees and escrow; and (5) the circuit court erred in finding that Bollinger Jr., Bollinger Lone Oak, and Bollinger Partners were jointly and severally liable for Farm Credit's attorneys' fees that it accumulated for defending separate tort counterclaims. We reverse on the first point and remand for further proceedings consistent with this opinion.

I. *Background Facts and Procedural History*

This litigation has been ongoing for more than fifteen years. The background facts and procedural history are set out in detail in this court's opinions in the previous three appeals, *Farm Credit Midsouth, PCA v. Bollinger*, 2018 Ark. App. 224, 548 S.W.3d 164 ("*Bollinger I*"), *Farm Credit Midsouth, PCA v. Bollinger*, 2020 Ark. App. 36, 595 S.W.3d 3 ("*Bollinger II*"), and *Bollinger v. Farm Credit Midsouth, PCA*, 2021 Ark. App. 112, 619 S.W.3d 398 ("*Bollinger III*"). Thus, we have included the facts only as necessary for an understanding of the issues in this appeal.

Beginning in 2003, Farm Credit made a series of agricultural loans to the Bollingers, which were secured by various security agreements and mortgages. After the Bollingers defaulted on those loans, Farm Credit filed a foreclosure and replevin action in the Crittenden County Circuit Court in 2009. The Bollingers filed a counterclaim asserting multiple tort causes of action. In 2011, the circuit court granted Farm Credit's motion for summary judgment on its complaint as to liability but withheld entry of a final

2

summary judgment until after trial of the Bollingers' counterclaim when the value of all the claims could be determined. Several defaulted loans between the Bollingers and Farm Credit were resolved during the pendency of the circuit court case, a condition of which the Bollingers agreed to pay $119,742.98 for legal fees accrued by Farm Credit to date and also to escrow an additional $50,000.00 to cover future fees. The counterclaims were then tried before a jury over several days. The circuit court granted a directed verdict in favor of Farm Credit on certain claims, but the jury found in favor of the Bollingers on others and awarded them a judgment of approximately $1.5 million. The circuit court also granted the Bollingers' request for prejudgment interest totaling $173,867.45. Farm Credit appealed to this court, and the Bollingers filed a cross-appeal. This court reversed as to most of the Bollingers' tort counterclaims, which resulted in a reduction in the Bollingers' award from a total of more than $1.6 million to only $89,776.65. *See Bollinger I*, 2018 Ark. App. 224, 548 S.W.3d 164.

While the appeal in *Bollinger I* was pending, Farm Credit filed a motion for attorneys' fees in circuit court on December 23, 2015. It asserted that it was entitled to fees pursuant to contractual provisions in its promissory notes with the Bollingers and pursuant to section 16-22-308 as the prevailing party in its foreclosure claims asserted against the Bollingers. The Bollingers objected and filed cross-motions for the return of the $169,742.98 previously paid for attorneys' fees and escrow plus prejudgment interest on these funds and an award of attorney's fees pursuant to section 16-22-308. On July 25, 2016, the circuit court entered an order finding that although Farm Credit prevailed on its

claims on the promissory notes, a money judgment was never actually entered due to the pending counterclaim against it. It further found that the amount awarded to the Bollingers on their tort claims greatly exceeded that awarded to Farm Credit. The order stated that "considering there can be but one prevailing party overall, the Court finds that overall Bollingers are the prevailing party, even though Farm Credit won on the Breach of Contract claim." It nonetheless found that because the Bollingers' recovery sounded in tort, section 16-22-308 was inapplicable because that statute applies to contracts. The circuit court further found that, because of the language in some of the promissory notes, Farm Credit was entitled to attorneys' fees reasonably required to reach summary judgment on the notes, but it withheld an actual fee award pending documentation as to time spent on the case. Finally, it ruled that the $50,000 held in escrow should be refunded to the Bollingers.

The Bollingers moved for reconsideration of the July 2016 order, claiming that the promissory notes did not expressly provide for attorneys' fees for seeking recovery on them. The circuit court entered an order on December 16, 2016, granting the motion for reconsideration and finding that

> the court's letter opinion dated July 21, 2016, is revised to reflect that Farm Credit is not entitled to recover attorney's fees pursuant to contract language. This is because the contract language in the promissory notes/loan agreements does not provide for the recovery of attorney's fees and expenses in enforcing the promissory notes the Bollingers executed in favor of Farm Credit. Instead, this contract language only entitles Farm Credit, upon a borrower's default, to recover reasonable attorney's fees and legal expenses in enforcing its remedies as to collateral, which is personal property and fixtures, as a secured party pursuant to the Uniform Commercial Code.

4

It also reaffirmed its earlier ruling that Farm Credit could not recover attorneys' fees pursuant to section 16-22-308 because it was not the prevailing party in its overall litigation with the Bollingers. Finally, it ordered that the Bollingers should jointly recover judgment from Farm Credit for the $119,742.98 (representing sums previously paid by the Bollinger parties) to be apportioned as follows: $96,273.36 to Bollinger Sr. Estate and $23,469.62 to Bollinger Jr. It also ruled that $40,200.00 of escrowed funds held in the registry of the court be paid to Bollinger Sr.'s Estate and $9,800.00 to Bollinger Jr. The circuit court deferred ruling on the issue of prejudgment interest.

Farm Credit appealed the December 2016 order. This court ultimately dismissed that appeal for lack of a final order because, in the order, the circuit court had expressly retained jurisdiction over the award of prejudgment interest. *Bollinger II*, 2020 Ark. App. 36, 595 S.W.3d 3. However, the *Bollinger II* opinion included the following footnote: "Because the circuit court has jurisdiction over the attorney's-fees issues and did not have the benefit of our opinion in *Bollinger I*, the court may wish to reconsider both the Bollingers' request and Farm Credit's request for fees." *Id.* at 3 n.2, 595 S.W.3d at 5 n.2.

On February 7, 2020, Farm Credit moved for reconsideration of the December 2016 order. It argued that this court's decision in *Bollinger I* reduced the Bollingers' award from $1.6 million to only $89,776.65. In light of *Bollinger I*, Farm Credit argued that the circuit court's previous finding that it was not the prevailing party and, thus, not entitled to recover attorneys' fees under section 16-22-308 "is simply incorrect." It sought attorneys'

5

fees totaling $351,050.50 pursuant to section 16-22-308 for prosecuting its claims against the Bollingers and for defending against their tort counterclaims. The Bollingers filed a cross-motion for attorney's fees.

On October 16, 2023, the circuit court entered an order and judgment setting aside and vacating the December 16, 2016 order. It incorporated previous letter opinions it had entered on August 26, 2021, and June 20, 2022. In those letter opinions, the circuit court made findings that the nature of the case sounded in contract and that Farm Credit was the prevailing party considering the case as a whole; as such, Farm Credit was entitled to attorneys' fees under section 16-22-308 and *Kinkead v. Union National Bank*, 51 Ark. App. 4, 907 S.W.2d 154 (1995), for pursuing its contract claims *and* defending against the tort counterclaims. After reviewing the factors established by the supreme court in *Chrisco v. Sun Industries, Inc.*, 304 Ark 227, 800 S.W.2d 717 (1990), for determining a fee award as well as the fee statements submitted by Farm Credit and objections submitted by the Bollingers, the circuit court awarded Farm Credit $318,740.00 in attorneys' fees. It ruled that the $50,000.00 the Bollingers had previously deposited into the court registry to cover Farm Credit's future attorneys' fees (and accrued interest) was to offset the fee award and be turned over to Farm Credit. It further ruled that Farm Credit was allowed to keep the $119,742.98 previously paid by the Bollingers for its attorneys' fees and that this amount was also to offset the fee award. Finally, it rejected the Bollingers' claim for fees under

6

section 16-22-308 because they were not the prevailing party under the statute. The Bollingers filed a notice of appeal on November 9, 2023, and this appeal followed.[1]

## II. *Points on Appeal*

The Bollingers assert the five points on appeal: (1) the circuit court erred in awarding attorneys' fees to Farm Credit pursuant to section 16-22-308 and in relying on this court's previous opinion in *Kinkead*, 51 Ark. App. 4, 907 S.W.2d 154, to do so; (2) the circuit court abused its discretion by setting aside its December 2016 order on judgment as to the return of the $169,742.98 previously paid by the Bollingers; (3) the circuit court erred in failing to award Bollinger Sr.'s Estate and Bollinger Jr. reasonable attorney's fees under section 16-22-308 given that they prevailed on a collateral claim; (4) the circuit court erred in denying Bollinger Sr.'s Estate and Bollinger Jr. prejudgment interest from February 17, 2012 on the $169,742.98 they had been compelled to pay in fees and escrow; and (5) the circuit court erred in finding that Bollinger Jr., Bollinger Lone Oak, and Bollinger Partners were jointly and severally liable for Farm Credit's attorneys' fees that it

---

[1]The third appeal in this case involved an ancillary matter between the Bollingers and Travelers Casualty & Surety Company of America ("Travelers"). In that appeal, the Bollingers challenged the circuit court's denial of their request for judgment against Travelers as surety on an appeal bond posted by Farm Credit when Farm Credit appealed the judgment entered against it leading to *Bollinger I. Bollinger III*, 2021 Ark. App. 112, at 1–2, 619 S.W.3d at 399. They also challenged the circuit court's denial of their request for a 12 percent statutory penalty, interest, and attorneys' fees against Travelers. *Id.* at 5, 619 S.W.3d at 401. This court held that the appeal-bond issue was moot and that the Bollingers failed to preserve the penalty, interest, and fees issue for appeal. *Id.* at 6–8, 619 S.W.3d at 401–02.

had accumulated for defending tort counterclaims brought by the individual defendants/counter-claimants.

A. Standard of Review and Applicable Law

The decisions to award attorney's fees and the award amount are discretionary and will be reversed only if the appellant can demonstrate an abuse of discretion. *Folkers v. Buchy*, 2019 Ark. App. 30, at 9, 570 S.W.3d 496, 501–02. Where the issue is one of law, however, our review is de novo. *Vowell v. Waldrip Lands, LLC*, 2025 Ark. App. 523, at 6, 722 S.W.3d 806, 810. Appellate courts give no deference to circuit courts on matters of law. *Freeman v. Rushton*, 360 Ark. 445, 447, 202 S.W.3d 485, 487 (2005).

B. Entitlement to Attorneys' Fees under Section 16-22-308

In their first point, the Bollingers argue that the circuit court erred in awarding attorneys' fees to Farm Credit pursuant to section 16-22-308 and in relying on this court's previous opinion in *Kinkead* to do so. It is well established that attorney's fees are not allowed except when authorized by statute. *Chrisco*, 304 Ark. at 229, 800 S.W.2d at 718. Assuming fees are authorized by statute, a circuit court's decision to grant or deny attorney's fees, and in what amount, lies within the sound discretion of the court, and the appellate court will not reverse absent a showing of abuse of discretion. *Patton Hosp. Mgmt., LLC v. Bella Vista Vill. Coopershares Owners Ass'n, Inc.*, 2016 Ark. App. 281, at 10, 493 S.W.3d 798, 805. The fee statute at issue in this appeal is Arkansas Code Annotated section 16-22-308, which provides:

In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

That statute does not permit an award of attorney's fees in tort actions. *Stein v. Lukas*, 308 Ark. 74, 83, 823 S.W.2d 832, 837 (1992). However, where both contract and tort claims are advanced, an award of attorney's fees to the prevailing party is proper only when the action is based primarily in contract. *Meyer v. Riverdale Harbor Mun. Prop. Owners Improvement Dist. No. 1 of Little Rock, Ark.*, 58 Ark. App. 91, 93, 947 S.W.2d 20, 22 (1997). We have held that it is not sufficient to base a fee award under section 16-22-308 upon a finding that a contract claim is a "substantial issue." *Id.*

Here, the circuit court found that Farm Credit was entitled to recover fees under section 16-22-308 for both prosecuting its breach-of-contract claims and for defending against the tort counterclaims. In doing so, it found that:

[T]he current action sounds primarily contract because the case began as a contract and foreclosure case and Bollingers' tort claims were counterclaims pled for offset. Further the amounts found to be owing on the promissory notes far exceeded the final amount for the tort claims.

As an action sounding in contract, A.C.A. § 16-22-308 may be applied to the issue of attorney fees in this case.

This Court finds that Farm Credit is the prevailing party herein both, because they won on more causes of action, and because the amount they were due on the notes far exceeded the verdict received on the tort claims.

As the "prevailing party" Farm Credit is entitled to recover its attorney fees related to the notes. Pursuant to the *Kinkead* and *Loewer* opinions[,] Farm Credit

9

may also be awarded attorney fees for successfully defending against the counterclaims.

The Bollingers argue that the circuit court court's fee award under section 16-22-308 was erroneous for two reasons: (1) the circuit court erred in finding that this case sounded primarily in contract because the bulk of the litigation was in tort, and most of Farm Credit's attorneys' time was spent defending against tort counterclaims; and (2) the *Kinkead* court misinterpreted *Loewer v. National Bank of Arkansas*, 311 Ark 354, 844 S.W.2d 329 (1992), to authorize fees under section 16-22-308 for defending counterclaims in tort.

This point requires us to determine, as a threshold matter, whether section 16-22-308 authorized Farm Credit's fee award for bringing its contract action and defending against the tort counterclaims. The circuit court found that "[a]s an action sounding in contract, [section] 16-22-308 may be applied to the issue of attorney fees in this case." The circuit court based its ruling that the case sounded primarily in contract on two things—the case began as a contract and foreclosure case, and the amounts due on the promissory notes far exceeded the final amount for the tort claims. We are not convinced that either of these factors is dispositive. In *DWB, LLC v. D & T Pure Tr.*, 2018 Ark. App. 283, 550 S.W.3d 420, for example, this court affirmed a fee award under section 16-22-308 although substantially more money was awarded for tort claims than for breach-of-contract claims. In doing so, we held that "this fact is not dispositive of whether the action was based primarily in tort or in contract." *Id.* at 14, 550 S.W.3d at 430. Instead, our inquiry was focused on whether the "bulk of the litigation" was in contract or tort. We held that

10

we do not agree that the bulk of the litigation was based on tort claims. Notably, breach-of-contract claims accounted for six of the eight causes of action in which damages were awarded to appellees. Additionally, several of appellants' requests for declaratory relief were based in contract. It was not error to decide that this action was based primarily in contract and to award fees based on Arkansas Code Annotated section 16-22-308.

*Id.* Nor do we view timing (i.e., which party files their claim first) as dispositive on the issue of whether a case sounds primarily in contract or tort. Instead, our inquiry should focus on whether the "bulk of the litigation" was in contract or tort. *See id.*

Looking to the present case, the "bulk of the litigation" was in tort, not contract. Farm Credit's 2009 foreclosure and replevin action sought judgment on five different loans. The last of those was paid by the Bollingers in 2012. The Bollingers initially brought eleven broad counterclaims against Farm Credit. Although Farm Credit was granted summary judgment on several counterclaims, others proceeded to a seven-day jury trial in 2015 at which a jury found in favor of the Bollingers and awarded damages on their claims of promissory estoppel and deceit related to the 2008 soybean crop, interference with contractual relations, and negligence and breach of fiduciary duty relating to the handling of a 2008 crop-insurance claim. Additionally, the entire appeal and cross-appeal in *Bollinger I* was about circuit court's rulings and jury verdicts on the tort counterclaims. *See Bollinger I*, 2018 Ark. App. 224, at 23, 548 S.W.3d at 179. The result of that appeal—the reversal of several jury verdicts—does not change that the bulk of the litigation was in tort.

In fact, in the circuit court's August 2021 letter opinion in which it conducted its attorney-fee analysis, it suggested that the bulk of the litigation *and* the bulk of the attorneys' fees were related to the tort counterclaims. Specifically, it found:

> Time and labor required. This case was filed in 2009, and though the last of the notes was paid in June 2012, the case continued with numerous pre-trial hearings, a seven (7) day jury trial, and numerous post trial hearings and briefs. However, the Court also considers that the last of the notes were paid in full in June 2012, so the majority of fees after that date were in defense of the tort claims.

> The amounts involved in the case and the results. Plaintiff received summary judgment rulings for approximately ($798,792.00) and successfully defended many of the tort claims. However, more of their fees were related to the tort claims.

Although the circuit court ultimately found that this case sounded primarily in contract, several of its statements undermined that finding. We hold that the circuit court erred in its determination that this case sounded primarily in contract.

But our analysis does not stop there. This is not a typical mixed contract/tort case where a prevailing party has advanced (or defended against) contract and tort claims. *Compare Patton Hosp. Mgmt., LLC*, 2016 Ark. App. 281, at 11, 493 S.W.3d at 805–06 ("[W]here multiple claims are advanced—including a breach-of-contract claim—an attorney's fee award is proper when the action is primarily based in contract."). In those cases, our courts have held that fees are proper under the statute only when the action is based primarily in contract. *Id.* Here, however, Farm Credit's action was based *solely in contract* and resolved in 2012. Section 16-22-308 expressly permits an award of fees to prevailing parties in contract actions. Farm Credit's original action was in contract, and "the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and

12

collected as costs." Ark. Code Ann. § 16-22-308.[2] Thus, as the prevailing party of the action as a whole and of the contract claims specifically, we hold that the circuit court did not err in determining that Farm Credit was entitled to recover fees under section 16-22-308 related to its contract claims.

Despite that holding, we must also consider Farm Credit's fee award under section 16-22-308 for defending against the Bollingers' tort counterclaims. The circuit court addressed the tort-counterclaim fees separately from the contract fees and found that "pursuant to the *Kinkead* and *Loewer* opinions[,] Farm Credit may also be awarded attorney fees for successfully defending against the counterclaims." We are unconvinced by the circuit court's reliance on *Loewer* and *Kinkead*.

In *Loewer*, 311 Ark. at 361, 844 S.W.2d at 334, the supreme court affirmed a fee award of $50,000 to the prevailing party, National Bank of Arkansas, who brought an action to recover on two promissory notes and defended against a counterclaim for conversion. In challenging the fee award on appeal, Loewer argued, in part, that recovery of attorney's fees on promissory notes is limited to 10 percent of the principal plus interest, relying on Arkansas Code Annotated section 4-56-101 (Repl. 1991). *Id.* The supreme court rejected that argument, holding that

---

[2]The prevailing party is determined by who comes out "on top" at the end of the case. *See Dark Knight Vending, LLC v. Luckily Diced Amusement, Inc.*, 2025 Ark. App. 455, at 5, 721 S.W.3d 825, 829. The circuit court determined that Farm Credit was the prevailing party at the end of the case "because they won on more causes of action, and because the amount they were due on the notes far exceeded the verdict received on the tort claims." On the facts as recounted above, we see no error in the circuit court's prevailing-party determination.

[t]his section simply recognizes that a provision in a promissory note for the payment of a reasonable attorney's fee, not to exceed 10% of the amount of principal plus interest, may be enforceable as a contract of indemnity. We cannot interpret the Statute to limit the amount of attorney's fees which can be awarded in an action to recover on a promissory note. Arkansas Code Ann. § 16-22-308 (Supp. 1991) clearly authorizes attorney's fees to be awarded in an action such as this one.

*Id.* at 361, 844 S.W.2d at 334.

Subsequently, in *Kinkead*, 51 Ark. App. 4, 907 S.W.2d 154, Union National Bank brought a foreclosure action against an insurance company on its note and mortgages. The insurance company's owners, the Kinkeads, counterclaimed on various tort theories and under a federal statute. A trial was held on the foreclosure complaint and the tort counterclaims, at the conclusion of which the circuit court granted Union National Bank judgment on its complaint and all counts of the tort counterclaim. *Id.* at 10, 907 S.W.2d at 157. It also awarded attorney's fees to the bank as the prevailing party. *Id.* On appeal, the Kinkeads argued that the bank may have been entitled to receive fees on its foreclosure action, but it was not entitled to a fee for defending the counterclaims based in tort. This court disagreed. Relying on the language in *Loewer* that section 16-22-308 "clearly authorizes attorney's fees to be awarded in an action such as this one," the *Kinkead* court held that although the Kinkeads "made unsubstantiated allegations of tort in their counterclaim, the trial was basically an action for foreclosure." *Id.* at 18, 907 S.W.2d at 162 (quoting *Loewer*, 311 Ark. at 361, 844 S.W.2d at 334). Thus, it affirmed the entire fee award, including fees for defending against the tort counterclaim. *Id.*

14

Here, like in *Kinkead*, Farm Credit brought a contract action and defended against tort counterclaims, but *Kinkead* is otherwise distinguishable from this case. Unlike in *Kinkead*, where the trial encompassed contract and tort claims, the litigation on the Bollingers' tort counterclaims in this case continued for years after the easily separable contract claims had been resolved. Further, the trial in this case involved *only* the tort counterclaims, and unlike in *Kinkead*, we cannot say those claims were "unsubstantiated," given that a jury returned verdicts in favor of the Bollingers on several counterclaims, and the crop-insurance-counterclaim verdicts were affirmed by this court on appeal. *Bollinger I*, 2018 Ark. App. 224, at 23, 548 S.W.3d at 179. The circuit court's reliance on *Kinkead* to award Farm Credit fees under section 16-22-308 for defending against the tort counterclaims was misplaced.[3]

Additionally, it is important to note that this does not appear to be a case where time spent on the contract action was so intertwined with time spent defending the tort counterclaims that the two cannot be separated for fee purposes. *Cf. Patton Hosp. Mgmt., LLC*, 2016 Ark. App. 281, at 11, 493 S.W.3d at 806 (upholding fee award under section

---

[3]The Bollingers urge this court to overrule *Kinkead*, arguing that *Kinkead* misinterpreted the supreme court's opinion in *Loewer* and that *Loewer* did not support *Kinkead*'s holding that fees could be awarded under section 16-22-308 for defending counterclaims in tort. Arkansas courts do not lightly overrule cases and apply a strong presumption in favor of the validity of prior decisions. *Helton v. MBNA Am. Bank, N.A.*, 102 Ark. App. 364, 369, 285 S.W.3d 676, 680 (2008). As a matter of public policy, it is necessary to uphold prior decisions unless a great injury or injustice would result. *Id.* Because we can easily distinguish *Kinkead*, it is not necessary that we overrule it in order to determine that its holding does not govern this case.

16-22-308 where resolution of noncontract claims hinged on the interpretation of two contracts); *Am. Express Bank, FSB v. Davenport*, 2017 Ark. App. 105, at 6–7, 513 S.W.3d 880, 885 (upholding entire fee award under section 16-22-308 where the circuit court noted that tort counterclaim was "intertwined" and an "integral part" of prevailing party's successful defense against a breach-of-contract claim). In *Davenport*, the contract and tort claims were so intertwined that "to clearly separate the time spent for pursuing the counterclaim versus what was spent for defending the complaint [was] almost impossible." *Id.* at 6, 513 S.W.3d. at 884. That is not the case here. Although the circuit court did not separate the attorneys' fees for time spent on pursuing the breach-of-contact action versus defending against the tort counterclaims, it could easily do so on remand. We therefore hold that the fees awarded to Farm Credit's attorneys for defending against the tort counterclaims were not prescribed by section 16-22-308.

We reverse the circuit court's award of fees for Farm Credit's defense against the tort counterclaims, and we remand for further proceedings consistent with this opinion. Because we reverse on the first point, and that reversal may affect the remaining points, we decline to address the Bollingers' remaining arguments for reversal.

III. *Conclusion*

For the reasons stated above, we reverse the circuit court's October 16, 2023 order and judgment and remand for further proceedings.

Reversed and remanded.

HARRISON and BARRETT, JJ., agree.

16

*Rogers & Coe, Attorneys*, by: *Joe M. Rogers*, for appellants.

*Waddell, Cole & Jones, PLLC*, by: *Ralph W. Waddell*, *Kevin W. Cole*, and *Justin E. Parkey*, for appellee.